**LAW OFFICES OF MIKAEL KOLTAI**
**Mikael Koltai (State Bar No. 79495)**
5020 Campus Drive
Newport Beach, CA 92660
Telephone: (949) 706-9111
Email: mikael@koltailaw.com

**LAW OFFICE OF ERNEST MOONEY**
**W. Ernest Mooney (State Bar No. 082416)**
5020 Campus Drive
Newport Beach, CA 92660
Telephone: (949) 296-7557
Email: emlaw92657@yahoo.com

Attorneys for Plaintiff
KINGDOM OF SWEDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KINGDOM OF SWEDEN,

Plaintiff,

v.

MARTIN CHRISTIAN MELIUS,

Defendant.

Case No. 2:14-cv-04492-RSWL-E

**NOTICE OF INTENT TO RAISE ISSUES OF FOREIGN LAW (FED. R. CIV. P. 44.1)**

Pursuant to the provisions of Federal Rule of Civil Procedure 44.1, Plaintiff Kingdom Of Sweden hereby gives notice of its intent to raise issues of foreign law at the trial of this matter, including the following statutory, regulatory, and decisional laws of the Kingdom Of Sweden, and of public entities in the Kingdom Of Sweden:

1. SFS 1973:349, Chapter 1, §§ 1, 2, 3; Chapter 8 § 1; and Chapter 9 § 2c, which provide for interest charges and administrative fees in the repayment of student loans. True and correct copies of these statutes, accompanied by certified English translations, are attached hereto as Exhibit "A".

2. SFS 1981:130, §§ 2, 5, and 6, which provide that a claim becomes barred ten years after it was made unless the limitation is interrupted before that, and which provide for the disruption of the statute of limitations upon certain events. True and correct copies of these statutes, accompanied by certified English translations, are attached hereto as Exhibit "B".

3. Proposal by the Government 2010/11:113, § 6.4, which explains the reasons for increasing the statute of limitations to 25 years for the recovery of unpaid student loans. A true and correct copy of this Proposal by the Government, accompanied by a certified English translation, is attached hereto as Exhibit "C".

4. SFS 1999:1395, Transitional Provisions note 21, which provides that a claim for repayment of student loans becomes barred 25 years after it was made, unless the limitation is disrupted prior thereto; and which provides that the 25-year time bar will apply only if the claim has not been barred prior to July 1, 2011. A true and correct copy of this statute, accompanied by a certified English translation, is attached hereto as Exhibit "D".

5. SFS1998:656, Chapter 8, § 1, which provides for the amount of administrative fees in the repayment of student loans. A true and correct copy of this regulation, accompanied by a certified English translation, is attached hereto as Exhibit "E".

6. SFS 2009:1536, note 10, which provides for the amount of administrative fees in the repayment of student loans. A true and correct copy of this regulation, accompanied by a certified English translation, is attached hereto as Exhibit "F".

7. Judgment of Administrative Court of Appeal in Göteborg, Case no. 8242-8244-11,

October 3, 2012, which provides that a debtor shall be considered to have received demand letters when several such mailings have been sent to the debtor's [Swedish Population] registered address, and which provides that a student's study obligation shall be considered to have been made when the entire loan has been disbursed. A true and correct copy of this Judgment, accompanied by a certified English translation, is attached hereto as Exhibit "G".

8. Decision of Court of Appeal for Skåne and Blekinge, Case no. ÖÄ 2441-07, May 5, 2008, which provides that a debtor shall be considered to have received annual statements and demands when several such mailings have been sent to the debtor at his [Swedish Population] registered address. A true and correct copy of this Decision, accompanied by a certified English translation, is attached hereto as Exhibit "H".

Dated: September 11, 2015

LAW OFFICES OF ERNEST MOONEY

By: W. Ernest Mooney

W. ERNEST MOONEY
Attorneys for Plaintiff
KINGDOM OF SWEDEN

## CERTIFICATION

I hereby certify and declare under penalty of perjury that I am familiar with the Swedish and English languages and that the following documents are true and correct translations of the Swedish documents:

A. The Swedish Study Support Act 1973:349 (pertinent sections)
B. The Swedish Limitations Act 1981:130 (pertinent sections)
C. Proposal to the Parliament by the Government 2010/11:113
D. The Swedish Study Support Act 1999:1395 (pertinent sections)
E. Swedish Code of Statutes [Regulations] 1998:656 (pertinent sections)
F. Swedish Code of Statutes [Regulations] 2009:1536 (pertinent sections)
G. Swedish Administrative Court of Appeal Judgment, Case no. 8242-8244-11
H. Swedish Court of Appeal Decision, Case no. ÖÄ 2441-07

Dated: September 09, 2015

B. L-Armstrong
Britta Armstrong
2621 Banbury Court
Carlsbad, CA 92010

**EXHIBIT "A"**

# The Study Support Act (1973:349)

**Swedish Statute Book No.:** 1973:349
**Department/Government:** Ministry of Education
**Issued:** 1973-05-25
**Reprint:** SFS [Swedish Statute Book] 1987:303
**Modified:** Including SFS 2000:1372
**Other Text:**

**Update Directory:** SFSR (Lagrummet) [Portal for Swedish public legal information]
**Source:** Government Offices/Lagrummet

---

## Chapter 1. Initial Provisions

**§ 1:** The Government offers study support [financial aid] according to this act in the form of study help, financial aid, short-term study support, boarding grants, and separate adult study support. *Law (1993:220).*

**§ 2:** Study help consists of student grants, extra supplements, and board and lodging supplements. *Law (1995:480).*

§3: Financial aid consists of student grants and student loans. *Law (1995:480).*

....

## Chapter 8. Repayment of Student Loans

### General Provisions

**§1:** Anyone who has received a student loan must repay the loan. An annual interest shall also be paid on the loan.

Administrative fees shall also be authorized according to regulations communicated by the Government.

The repayment of the student loan and the interest is done by a certain amount every calendar year (an annual amount). The paid amount shall be deducted first from the accrued interest and then from the capital debt. Unpaid interest during the year it has accrued is added to the capital debt at the end of the year. *Law (1988:877).*

....

A

**Chapter 9. Other Provisions**

....

§2c: In connection with the granting of student loans according to this Act, The Swedish Board For Study Support shall be authorized to charge for its administrative fees according to regulations that the Government communicates. *Law (1993:220).*

# Studiestödslag (1973:349)

**SFS nr**: 1973:349
**Departement/myndighet**: Utbildningsdepartementet
**Utfärdad**: 1973-05-25
**Omtryck**: SFS 1987:303
**Ändrad**: t.o.m. SFS 2000:1372
**Övrig text**:

**Ändringsregister**: SFSR (Lagrummet)
**Källa**: Regeringskansliet / Lagrummet

---

## 1 kap. Inledande bestämmelser

**1 §** Staten lämnar studiestöd enligt denna lag i form av studiehjälp, studiemedel, korttidsstudiestöd, internatbidrag och särskilt vuxenstudie- stöd. *Lag (1993:220).*
**2 §** Studiehjälp består av studiebidrag, extra tillägg och inackorderingstillägg. *Lag (1995:480).*
**3 §** Studiemedel består av studiebidrag och studielån. *Lag (1995:480).*

...

## 8 kap. Återbetalning av studielån

### Allmänna bestämmelser

**1 §** Den som uppburit studielån skall återbetala lånet. På lånet skall också betalas en årlig ränta.
I samband med återbetalningen får också tas ut avgifter för administrativa kostnader enligt föreskrifter som regeringen meddelar.
Betalningen av lånet och räntan sker med ett visst belopp varje kalenderår (årsbelopp). Det inbetalade beloppet skall avräknas i första hand på den upplupna räntan och därefter på kapitalskulden. Ränta som inte betalas under det år den har upplupit läggs vid årets slut till kapitalskulden. *Lag (1988:877).*

...

## 9 kap. Övriga bestämmelser

...

**2 c §** I samband med beviljande av studielån enligt denna lag får Centrala studiestödsnämnden ta ut avgifter för sina administrativa kostnader enligt föreskrifter som regeringen meddelar. *Lag (1993:220).*

A

**EXHIBIT "B"**

# The Limitations Act (1981:130)

**Swedish Statute Book No.:** 1981:130
**Department/Government:** Department of Justice L2
**Issued:** 1981, January 29
**Reprint:**
**Modified:** Including Swedish Statute Book 2006:698
**Other Text:**

**Update Directory:** SFSR (Lagrummet) [Portal for Swedish public legal information]
**Source:** Government Offices/Lagrummet

....

**Statute of Limitations**

§ 2: A claim becomes statute-barred ten years after it was made, unless the limitation is interrupted before that.

....

**Disruption of the statute of limitations**

§ 5: The statute of limitations is disrupted in the event

1. the borrower undertakes payment, pays interest or principal or acknowledges the debt in another manner to the creditor,
2. the debtor receives a written demand or a written reminder from the creditor regarding the claim ...

**Result of disruption of the statute of limitations**

§ 6: If the statute of limitations has been disrupted through acknowledgement, demand or reminder, a new statute of limitations takes effect on the day of disruption according to § 2.

B

# Preskriptionslag (1981:130)

**SFS nr**: 1981:130
**Departement/myndighet**: Justitiedepartementet L2
**Utfärdad**: 1981-01-29
**Omtryck**:
**Ändrad**: t.o.m. SFS 2006:698
**Övrig text**:

**Ändringsregister**: SFSR (Lagrummet)
**Källa**: Regeringskansliet / Lagrummet

...

**Preskriptionstid**

**2 §** En fordran preskriberas tio år efter tillkomsten, om inte preskriptionen avbryts dessförinnan.

...

**Preskriptionsavbrott**

**5 §** Preskription avbryts genom att
1. gäldenären utfäster betalning, erlägger ränta eller amortering eller erkänner fordringen på annat sätt gentemot borgenären,
2. gäldenären får ett skriftligt krav eller en skriftlig erinran om fordringen från borgenären...

...

**Verkan av preskriptionsavbrott**

**6 §** Om preskription har avbrutits genom erkännande, krav eller erinran, löper en ny preskriptionstid enligt 2 § från dagen för avbrottet.

B

**EXHIBIT "C"**

**Proposal by the Government**
**2010/11:113**

**Increased flexibility and improved repayment within the study support system**

**Proposal**
**2010/11:113**

---

The Government presents this proposal to the Parliament.

Stockholm the 13th of April 2011

*Fredrik Reinfeldt*

*Nyamko Sabuni*
*(Department of Education)*

...

**6.4 Statute of Limitation Period for Financial Aid Claims** **[Page 21]**

**6.4.1 General Statements about Statute of Limitations**

The Limitations Act (1981: 130) is applicable to all types of debts, including public debts, unless otherwise specifically stipulated. According to § 2, first paragraph of the Limitations Act, the general rule is that a claim lapses ten years after it is made unless the limitation period is interrupted before that. In the same section, second paragraph it is clear, however, that where there is a claim against a consumer, the limitation period is three years if the claim relates to a product, service or other need which a business in its professional activity has provided consumers mainly for personal use. The three-year limitation period, however, does not apply to claims based on promissory notes.

According to statements in the legislative history, a claim for repayment relating to study support is subject to the general ten-year statute of limitations unless specific limitation provisions apply (Prop. 1979/80: 119, p. 92). However, there are no particular limitation rules regarding the area of study support.

According to practice, the government's claim for repayment of study support financial aid occurs as a result of disbursement of the study support financial aid in question and becomes statute-barred if not made within ten years of when the claim was made (see judgment from Stockholm Court of Appeals, 2001-12-05, Case No. 1453-2001).

According to § 5 of the Limitations Act, a creditor may interrupt the limitation period partly by the debtor receiving a written demand or a written reminder of the claim, partly by formal action being brought against the debtor in court, at the enforcement agency [Kronofogdemyndigheten] or in arbitration proceedings, bankruptcy or judicial accord

C

proceedings. For an interruption to take place, the debtor must have received a demand or reminder. The highest court has eased the proof requirement for when a postal item shall be considered to have been deemed received by the debtor thereby having disrupted the statute of limitations (NJA 2007, p. 157). This means that if the creditor has a current address to the debtor a claim can be kept alive for an indefinite period without much difficulty.

### 6.4.2 Limitation Risks Within the Study Support System

Borrowers with unknown addresses repay their student debts to a small extent and is the group that CSN [The Swedish Board For Study Support] has deemed to be the most difficult to reach with information, annual statements, and re-payment forms. If CSN does not reach the borrower, the borrower's entire debt becomes statute-barred after ten years. This means that CSN's right to the study support claim is extinguished and therefore, after a plea of applying the statute of limitation by the borrower, written off.

According to estimates from CSN, more than 10,000 loans are at risk of being statute-barred in 2011. These have a total debt value of 1 billion [Swedish] crowns. However, there may have been a statute of limitations interruption in some of these cases, given that CSN has sent several mailings to borrowers' [official] registered address that have not been returned. The number of loans that may have become statute-barred or are at risk of becoming statute-barred in the near future, however, in all cases is significant even though the data does not provide a reliable forecast.

In addition, a large share of the debts relating to the recovery claim is at risk of becoming statute-barred. At the end of 2009, the total recovery claim was almost 1.1 billion [Swedish] crowns and there were 77,300 repayment liabilities, of which 42 percent were more than six years old. Among these were 4,394 debts relating to persons with unknown addresses to CSN. The majority of these debts have not been notified because of lack of address and CSN has therefore not been able to begin the claim process.

During 2009, CSN, in collaboration with Intrum Justitia, commenced service of notification in the Nordic countries, the US, the Netherlands, and Australia, among others. Because of legislation in Great Britain and Germany, the agency lacks the ability to serve a claim in these two countries. CSN is therefore investigating whether other measures can be used in these countries. The purpose for the service is to accomplish a statute of limitation disruption and hence prevent debts from becoming statute-barred. In the Nordic countries a total of 180 notifications were made of which 90 percent were successful. In the US, where a total of 120 notifications have been made, the corresponding figure was 36 percent.

### 6.4.3 Prolonged Period of Limitation on Study Support Claims

**The Government's Proposal**: The limitation period for a claim for repayment of student loans or repayment of financial aid under the Study Support Act 1999:395 shall be extended so that the claim becomes statute-barred twenty-five years after it is made

unless the limitation period is disrupted before then.

A claim relating to repayment of student loans or financial aid or recovery of study support submitted under the older study support act (1973: 349) shall lapse twenty-five years after it is made unless the limitation period was disrupted before then. This, however, shall only apply if the claim was not statute-barred prior to July 1, 2011.

**The Commission's Proposal**: Agrees essentially with the Government's proposal. However, it has been clarified that the provision relates to a claim for the obligation as well as repayment of study support. Furthermore, it is not indicated in regards to claims for financial aid provided according to the old study support act (1973: 349) whether the claim has to have come into existence before a certain date.

**The Consultative Bodies**: An overwhelming majority of the consultative bodies, among others *the Court Administration, the Administrative Court in Gothenburg, the Attorney General, CSN, the Swedish Tax Agency, and the State Treasury*, approves the proposal or has no objection to the proposal. CSN believes that an extended statute of limitations period would be of great benefit to the authority in the repayment process. CSN also proposes that the Government in connection with the introduction of the statute of limitations provision considers whether the rules for writing off student loans when the borrower reaches 65 or 68 years of age, respectively, are to be designed in current manner. This is because the agency [CSN] believes that borrowers who have stayed away from contact with the CSN should not be subject to such protective provisions as the rules on age write-off represents. *The Social Insurance Agency* agrees with the proposal in substance and considers that the purpose for the statute of limitations is not to serve as a form of debt restructuring, even if that is what the statute of limitations to a certain extent has come to be used for. A limitation period of 25 years, according to the Social Insurance Agency may imply that few people will be subject to the limitation rules and that fraud will be decreasing, which is positive. *The State Treasury* agrees with the commission's view that it is essential that CSN, in the event that the limitation period is extended to 25 years, conduct an active recovery operation during and does not delay the collection proceedings until the final years before the statute of limitations takes effect. The State Treasury believes that this is important, particularly given that it is generally easier to recover debts in close proximity to when the debt was incurred.

*The Parliamentary Ombudsman (JO)* has no objection to the proposal but feels that it is not a matter of course to allow a limitation provision to operate retroactively. The JO, however, does not oppose the proposed retroactivity, as the law regulates the repayment obligation of student loans. *The Court of Appeals in Stockholm* finds that it is not entirely clear that a ten-year limitation period applies to study support and cites, inter alia, the following. The sunset clause could instead be the moment when the loan is written off. For claims arising from recovery, however, a ten-year period of limitation should apply. No matter how it relates to this, it is an advantage to have an explicit statute of limitations provision, according the Court of Appeals.

*Uppsala University, Mid Sweden University, Malmö University, and the Swedish*

*University and Higher Education Association* rejects the general tightening of rules relating to recovery while requesting a new review of the rules in order to strengthen students' legal rights. *The Board of Appeals of Student Aid* believes that the proposed extended limitation period of 25 years gives student loans an exceptional position compared to what applies to claims in general and other public debts. Furthermore, according to the Board, it appears unclear why the Government as a lender should be given much more favorable terms than other lenders.

*Malmö District Court* points out that the proposed provision of the Study Support Act should be clarified so that it is clear that the provision does not relate to the student loan holder's claim itself.

**Reasons for the Government's Proposal**

**Unpaid Student Loans Must be Repaid**

Currently, CSN has difficulty in recovering debts abroad. The reason for this is often that the agency has no current address to the borrower or the person liable for repayment or that these people remain in hiding on attempted service of the claim and then makes limitation objections when the limitation period has expired. In those cases where CSN has no current address to the borrower or to the person liable for repayment the current statute of limitations is not sufficient. According to current regulations the entire debt becomes statute-barred, i.e. not only the repayment amounts that are due, if CSN is unable to contact the borrower or the person liable for repayment within ten years from the date of the last payment of the study support. The unpaid study support claims of student loans at risk of becoming statute-barred in the near future represent a significant amount. As more and more people with student debts seek residence abroad, the Government finds it important that the changes made in the study support system take into account the internationalization and its effects.

**A Study Support Obligation Shall Lapse After 25 Years**

For the State to be able to provide students with a generous study support system it is necessary that unpaid student loans be paid back. The Government therefore proposes that the limitation period for student loans shall be extended, so that a claim will become statute-barred 25 years after it was made unless the limitation period is disrupted before then. A claim on study support refers herein to both a claim for repayment of student loans and a claim for the recovery of study aid. Despite objections to the tightening of the rules regarding financial recovery from *Uppsala University*, inter alia, *and the Swedish University and Higher Education Association*, the Government finds that it is urgent that a borrower's entire liability, in the form of unpaid student loans and recovery, becomes subject to the rules on limitation. With regards to what *Malmö District Court*, inter alia, has stated, the Government proposes that it is stated in the provision that it only covers claims for repayment or reimbursement of student aid according to the study support act.

The Government agrees with the commission's finding that it is not reasonable for

diligent borrowers to have a repayment period of 25 years or longer, while non-diligent borrowers should be able to be completely debt free after ten years. *CSN* has in its reply stated that those who choose to stay away and do not pay their student loans should not be considered worthy of protection from a limitation covered perspective. The Government agrees with this assessment. A prolonged period of limitation according to the commission's proposal would likely mean that many who have not paid their debts over a few years' stay abroad cannot escape payment when they return to Sweden. Since the majority of those who neglect their repayment are Swedish citizens, it is not unlikely that these will eventually either return to Sweden and become registered in the country [Sweden] or acquire an asset in Sweden, which then can be subject to seizure. A prolonged period of limitation would likely increase the incentive to pay debts directly when they fall due, because it is not as easy to escape the payment in 25 years as it is in ten years.

According to the Government, there is a strong public interest in study support claims being paid by the borrower. Otherwise, one of the world's most generous student aid systems would be difficult to maintain. Student loans are also a benefit provided to all citizens in accordance with regulations laid down by law and partly subsidized by the Government. Unlike the *Board of Appeal for Student Aid*, the Government therefore finds that there are strong reasons for extending the limitation period.

**Interruption shall be possible**

The Government shares the commission's assessment that an absolute period of limitation cannot be considered reasonable. The Government therefore proposes that it shall be possible to disrupt the statute of limitations in accordance with the provisions of the Limitations Act. According to the current loan system, the repayment period of the student loans shall be 25 years or the lower number of years remaining until the end of the year in which the borrower reaches age 60. A claim on student loans is written off according to the current loan system by the end of the year in which the borrower turns 67. A claim for recovery is also written off at the end of the year in which the borrower turns 67. Repayment of study support in many cases continues for a longer period than 25 years, due to the borrower, for example, being granted a reduction of the annual amount or has a debt arising from any of the older loan systems where the repayment period can be longer than 25 years. If the limitation period would be absolute, for example, a borrower who got the last payment of student loans when he/she was 25 years old might get any unpaid debts statute-barred by age 50. According to the Government's understanding this would not be consistent with the aims of the current regulations that stipulate that unpaid debts as a rule cannot be written off until the end of the year in which the borrower turns 67. In contrast to *CSN*, the Government believes that there is no reason in this context to consider whether the current rules for writing off student loans because of age should be designed differently.

According to the Government, it is important to specify the length of the statute of limitations directly in the Study Support Act. The Government therefore proposes that it shall be stated in the act that the statute of limitations shall be 25 years for student loans,

unless the limitation period is disrupted before then. As stated in section 6.4.1 it is clear that the Government's claims for repayment of study support come into existence, on the basis of precedent decisions, when the particular study support is disbursed, if there is no disruption of the statute of limitations for 10 years after the claim is made.

When it comes to a claim as a result of recovery, the Government finds that the statute of limitations period ought to be counted from the date when the recovery claim decisions are made.

**An Active Recovery Operation is Required**

The Government agrees with what *the Swedish Agency for Administrative Development* and *the Swedish Enforcement Authority* state in their consultation response that it is essential that CSN carries out active recovery operations and does not wait until the last years before the statute of limitations occurs. It is also proposed with regard to what the *Svea Court of Appeal and Malmö District Court* have stated that the section be designed so that it is clear that the provision of limitation relates to CSN's claims on student aid recipients and includes both a claim for repayment of student loans as well a claim for recovery of study support.

**The Prolonged Period of Limitation Shall Apply to all Study Support Claims**

Study debts of significant amounts are likely to be written off over the next few years. In order for the change to have its desired effect in CSN's repayment and recovery system, it is very important that the new regulations are applied towards existing and new borrowers as well as towards persons liable for repayment. The reasons given for an extension of the statute of limitations limitation period shall also justify a retroactive application of the new rule. This is also stressed in the response by *the Government Office*. The Government therefore proposes that the extended period of limitation shall apply retroactively in the case of study support claims submitted under the older study support act (1973:349), i.e. claims from the older loan system that were made before the new regulation comes into effect. A study support claim refers to a claim of repayment of student loans as well as a claim of recovery of study support. The amended limitation period shall only apply to claims that have not already been statute-barred when the new regulation comes into effect. Thus, the longer limitation period shall not apply to claims where at the time immediately before the regulation no disruption of the limitation has taken place within ten years from the last payment of student loans. Unlike the investigation, the Government considers that it is not necessary to indicate that the extended limitation period, when it comes to study support submitted under the old study support act, applies only to debts incurred prior to July 1, 2011.

# Regeringens proposition 2010/11:113

## Ökad flexibilitet och förbättrad återbetalning inom studiestödssystemet

Prop. 2010/11:113

Regeringen överlämnar denna proposition till riksdagen.

Stockholm den 13 april 2011

*Fredrik Reinfeldt*

*Nyamko Sabuni*
(Utbildningsdepartementet)

### 6.4 Preskriptionstid för studiestödsfordringar

#### 6.4.1 Allmänt om preskription

Preskriptionslagen (1981:130) är tillämplig på alla slags fordringar, även offentligrättsliga fordringar, om något annat inte är särskilt föreskrivet. Enligt 2 § första stycket preskriptionslagen är huvudregeln att en fordran preskriberas tio år efter tillkomsten, om inte preskriptionen avbryts dessförinnan. Av samma paragraf andra stycket framgår dock att när det gäller fordringar mot en konsument är preskriptionstiden tre år, om fordringen avser en vara, tjänst eller annan nyttighet som en näringsidkare i sin yrkesmässiga verksamhet har tillhandahållit konsumenten för huvudsakligen enskilt bruk. Den treåriga preskriptionstiden gäller dock inte fordringar som grundar sig på löpande skuldebrev.

Enligt uttalanden i förarbetena är en fordran på återbetalning av studiemedel underkastad den allmänna tioårspreskriptionen om inte särskilda preskriptionsbestämmelser gäller (prop. 1979/80:119 s. 92). Det

finns dock inte några särskilda preskriptionsbestämmelser på studiestödsområdet.

Enligt praxis uppkommer statens fordringar som avser återbetalning av studiemedel i och med utbetalning av studiemedlen i fråga och preskriberas om preskriptionsavbrott inte sker inom tio år från uppkomsten av fordran (se Kammarrätten i Stockholms dom, 2001-12-05, mål nr 1453-2001).

Enligt 5 § preskriptionslagen kan borgenären avbryta preskriptionstiden dels genom att gäldenären får ett skriftligt krav eller en skriftlig erinran om fordringen, dels genom att talan väcks mot gäldenären vid domstol, hos exekutiv myndighet eller i skiljeförfarande, konkursförfarande eller förhandling om offentligt ackord. För att ett preskriptionsavbrott ska ha ägt rum ska kravet eller erinran ha kommit gäldenären till handa. Högsta domstolen har lättat på beviskravet för när en försändelse med preskriptionsavbrytande verkan ska anses ha mottagits av gäldenären (NJA 2007 s. 157). Detta innebär att om borgenären har en aktuell adress till gäldenären kan en fordran utan någon större svårighet hållas vid liv under en obegränsad framtid.

### 6.4.2 Preskriptionsrisker inom studiestödssystemet

Låntagare med okänd adress återbetalar sina studieskulder i liten utsträckning och är den grupp som CSN har svårast att nå med information, årsbesked och inbetalningskort. Om CSN inte når låntagaren preskriberas låntagarens hela skuld efter tio år. Det innebär att CSN:s rätt till studiestödsfordran upphör och att den därför, efter invändning om preskription från låntagaren, skrivs av.

Enligt beräkningar från CSN riskerar drygt 10 000 lån att preskriberas under 2011. Dessa har ett sammanlagt skuldvärde om 1 miljard kronor. Det kan dock ha skett ett preskriptionsavbrott i en del av dessa ärenden, eftersom CSN har skickat ett flertal försändelser till låntagarnas folkbokföringsadress utan att de har kommit i retur. Antalet lån som kan vara preskriberade eller riskerar att preskriberas inom den närmaste tiden är emellertid under alla omständigheter betydande även om uppgifterna inte utgör någon säker prognos.

Dessutom riskerar en stor andel av de skulder som avser återkravsfordran att preskriberas. I slutet av 2009 var den sammanlagda återkravsfordran knappt 1,1 miljarder kronor och det fanns 77 300 återkravsskulder, varav 42 procent var mer än sex år gamla. Bland dessa var det 4 394 skulder som avsåg personer med okänd adress för CSN. Majoriteten av dessa återkrav har inte kunnat aviseras på grund av avsaknaden av adress, och CSN har därför inte kunnat påbörja kravhanteringen.

CSN har under 2009 i samarbete med Intrum Justitia påbörjat delgivning i bl.a. Norden, USA, Nederländerna och Australien. På grund av lagstiftningen i Storbritannien och Tyskland saknar myndigheten möjligheter till delgivning i dessa två länder. CSN undersöker därför om andra åtgärder kan användas i dessa länder. Ett syfte med delgivningen är att åstadkomma preskriptionsavbrott och därigenom förhindra att skulder preskriberas. I Norden har det totalt genomförts 180 delgivningar, varav

90 procent var framgångsrika. I USA, där det totalt har genomförts 120 delgivningar, var motsvarande siffra 36 procent.



### 6.4.3 Förlängd preskriptionstid för studiestödsfordringar

**Regeringens förslag:** Preskriptionstiden för en fordran som avser återbetalning av studielån eller återkrav av studiestöd enligt studiestödslagen (1999:1395) ska förlängas så att fordran preskriberas tjugofem år efter tillkomsten, om inte preskriptionen avbryts dessförinnan.

En fordran som avser återbetalning av studielån eller studiemedel eller återkrav av studiestöd som har lämnats enligt den äldre studiestödslagen (1973:349) ska preskriberas tjugofem år efter tillkomsten, om inte preskriptionen avbryts dessförinnan. Detta ska dock gälla endast om fordran inte har preskriberats före den 1 juli 2011.

**Utredningens förslag:** Överensstämmer i huvudsak med regeringens. Det har dock förtydligats att bestämmelsen avser fordran på såväl återbetalning som återkrav av studiestöd. Vidare anges inte, när det gäller fordringar som rör studiestöd som har lämnats enligt den gamla studiestödslagen (1973:349), att fordran ska ha uppkommit före ett visst datum.

**Remissinstanserna:** En övervägande majoritet av remissinstanserna, bland vilka kan nämnas *Domstolsverket, Förvaltningsrätten i Göteborg, Justitiekanslern, CSN, Skatteverket och Statskontoret,* tillstyrker förslaget i sak eller har inte något att invända mot förslaget. CSN anser att en förlängd preskriptionstid skulle vara till stor nytta för myndigheten i återbetalningsarbetet. CSN föreslår även att regeringen i samband med ett införande av preskriptionsbestämmelse överväger om bestämmelserna om avskrivning av studielån då låntagaren fyller 65 respektive 68 år ska vara utformade på nuvarande sätt. Detta eftersom myndigheten anser att låntagare som har hållit sig undan kontakter med CSN inte bör omfattas av sådana skyddsbestämmelser som reglerna om åldersavskrivning utgör. *Försäkringskassan* tillstyrker förslaget i sak och anser att syftet med preskription inte är att det ska fungera som någon slags skuldsanering även om det är vad preskriptionen till viss del har kommit att användas till. En preskriptionstid om 25 år kan enligt Försäkringskassan innebära att få kommer att omfattas av preskriptionsreglerna och att bedrägerierna minskar, vilket är positivt. *Statskontoret* delar utredningens uppfattning att det är väsentligt att CSN, för det fall att preskriptionstiden förlängs till 25 år, bedriver en aktiv indrivningsverksamhet under hela den tiden och inte väntar fram till de sista åren innan preskription inträder med att vidta indrivningsåtgärder. Statskontoret menar att det är viktigt inte minst mot bakgrund av att det generellt sett är lättare att driva in fordringar i nära anslutning till att skulden uppkom.

*Riksdagens ombudsmän (JO)* har inte något att invända mot förslaget men menar att det inte är en självklarhet att låta en preskriptionsbestämmelse verka retroaktivt. JO motsätter sig dock inte den föreslagna retroaktiviteten, eftersom återbetalningsskyldigheten av studieskulder är reglerad i lag. *Kammarrätten i Stockholm* anser att det inte är helt klarlagt att en tioårig preskriptionstid gäller för studiemedel och anför bl.a. följande. Den bortre tidsgränsen skulle i stället kunna vara den tidpunkt



C

då lånet avskrivs. För fordringar på grund av återkrav torde dock en tioårig preskriptionstid gälla. Oavsett hur det förhåller sig med detta, är det enligt Kammarrätten en fördel med en uttrycklig bestämmelse om preskriptionstid.

*Uppsala universitet, Mittuniversitet, Malmö högskola och Sveriges universitets- och högskoleförbund* avstyrker generellt skärpningar av bestämmelser som avser återkrav och begär samtidigt att en förnyad översyn av dessa görs i syfte att stärka studenternas rättssäkerhet. *Överklagandenämnden för studiestöd* menar att förslaget om förlängd preskriptionstid till 25 år innebär att studiestödsfordringar får en klar särställning jämfört med vad som gäller för fordringar i allmänhet och andra offentligrättsliga fordringar. Det framstår dessutom som oklart enligt nämnden varför staten som långivare ska ge sig själv betydligt förmånligare villkor än andra långivare.

*Malmö tingsrätt* påpekar att den föreslagna bestämmelsen i studiestödslagen bör förtydligas så att det framgår att bestämmelsen inte avser studielåntagarens fordran på själva studiestödet.

**Skälen för regeringens förslag**

*Obetalda studiestödsfordringar ska betalas tillbaka*

CSN har i dag svårigheter att driva in skulder utomlands. Orsaken till detta är ofta att myndigheten saknar aktuell adress till låntagaren eller den återbetalningsskyldige för återkrav eller att dessa personer håller sig undan vid delgivning av krav och sedan gör preskriptionsinvändningar när preskriptionstiden har löpt ut. I de fall CSN inte har någon aktuell adress till låntagaren eller den återbetalningsskyldige för återkrav är dagens preskriptionsregler inte tillräckliga. Enligt nuvarande bestämmelser preskriberas hela skulden, dvs. inte bara de återbetalningsbelopp som har förfallit till betalning, om CSN inte lyckas kontakta låntagaren eller den återbetalningsskyldige för återkrav inom en tioårsperiod från det att den sista utbetalningen av studiestöd skedde. De obetalda studiestödsfordringarna av studielån och återkrav som riskerar att preskriberas inom den närmaste tiden uppgår till betydande belopp. Eftersom allt fler personer med studieskulder bosätter sig utomlands, är det enligt regeringens mening viktigt att de förändringar som görs inom studiestödssystemet beaktar internationaliseringen och dess effekter.

*En studiestödsfordran ska preskriberas efter 25 år*

För att staten ska kunna tillhandahålla de studerande ett generöst studiestödssystem krävs att obetalda studiestödsfordringar betalas tillbaka. Regeringen föreslår därför att preskriptionstiden för studiestödsfordringar ska förlängas så att en fordran preskriberas 25 år efter tillkomsten, om inte preskriptionen avbryts dessförinnan. Med en fordran på studiestöd avses här såväl en fordran som avser återbetalning av studielån som en fordran på återkrav av studiestöd. Trots bl.a. *Uppsala universitets och Sveriges universitets- och högskoleförbunds* invändningar om

skärpningar av bestämmelserna när det gäller återkrav anser regeringen att det är angeläget att en låntagares hela skuld, i form av obetalda studielån och återkrav, omfattas av reglerna om preskription. Med beaktande av vad bl.a. *Malmö tingsrätt* har anfört föreslår regeringen att det anges i bestämmelsen att den endast omfattar fordringar som avser återbetalning eller återkrav av studiestöd enligt studiestödslagen.

Regeringen instämmer i utredningens konstaterande att det inte är rimligt att skötsamma låntagare ska ha en återbetalningstid på 25 år eller längre, medan icke skötsamma låntagare ska kunna vara helt skuldfria efter tio år. *CSN* har i sitt remissvar anfört att de som väljer att hålla sig undan och inte betalar sitt studielån inte bör anses vara skyddsvärda ur ett preskriptionsrättsligt perspektiv. Regeringen instämmer i denna bedömning. En förlängd preskriptionstid enligt utredningens förslag skulle sannolikt innebära att många som inte har betalat sina skulder under några års utlandsvistelse inte kan undkomma betalning när de återvänder till Sverige. Eftersom huvuddelen av de som missköter sin återbetalning är svenska medborgare, är det inte osannolikt att dessa så småningom antingen återvänder till Sverige och folkbokför sig i landet eller skaffar någon tillgång i Sverige, som därefter kan bli föremål för utmätning. En förlängd preskriptionstid skulle sannolikt öka incitamenten att betala skulderna direkt när de förfaller till betalning, eftersom det inte är lika enkelt att undkomma betalning i 25 år som i tio år.

Enligt regeringens mening finns det ett starkt allmänt intresse av att en studiestödsfordran betalas av låntagaren. I annat fall skulle ett av världens mest generösa studiestödssystem bli svårt att upprätthålla. Studielån är vidare en förmån som tillhandahålls alla medborgare enligt ett regelverk som anges i lag och förordning och som till viss del subventioneras av staten. Till skillnad mot *Överklagandenämnden för studiestöd* anser därför regeringen att det finns starka skäl att förlänga preskriptionstiden.

### *Preskriptionsavbrott ska vara möjligt*

Regeringen delar utredningens bedömning att det inte kan anses rimligt att preskriptionstiden ska vara absolut. Regeringen föreslår därför att det ska vara möjligt att göra preskriptionsavbrott i enlighet med bestämmelserna i preskriptionslagen. Enligt det nuvarande lånesystemet ska återbetalningstiden av studielån vara 25 år eller det lägre antal år som återstår till utgången av det år då låntagaren fyller 60 år. En fordran på studielån skrivs enligt nuvarande lånesystem av vid utgången av det år då låntagaren fyller 67 år. En fordran på återkrav skrivs också av vid utgången av det år då den återbetalningsskyldige fyller 67 år. Återbetalning av studiemedel sker i många fall under en längre tid än 25 år på grund av att låntagaren till exempel beviljats nedsättning av årsbelopp eller har en skuld som härrör från något av de äldre lånesystemen där återbetalningstiden kan vara längre än 25 år. Om preskriptionstiden skulle vara absolut, skulle exempelvis en låntagare som fick den sista utbetalningen av studielån när han eller hon var 25 år få eventuella obetalda fordringar preskriberade vid 50 års ålder. Enligt regeringens mening skulle detta

inte vara förenligt med syftet i de nuvarande regelverken som föreskriver att obetalda fordringar som huvudregel inte ska skrivas av förrän utgången av det år då låntagaren fyller 67 år. Regeringen anser till skillnad mot *CSN* att det inte finns anledning att i detta sammanhang överväga om nuvarande bestämmelser om avskrivning av studielån på grund av ålder ska utformas på annat sätt.

Enligt regeringens mening är det viktigt att direkt i studiestödslagen ange preskriptionstidens längd. Regeringen föreslår därför att det i lagen ska anges att preskriptionstiden ska vara 25 år för studiestödsfordringar, om inte preskriptionen avbryts dessförinnan. Som angetts i avsnitt 6.4.1 framgår av praxis att statens fordringar som avser återbetalning av studiemedel uppkommer i och med utbetalning av studiemedlen i fråga och preskriberas om preskriptionsavbrott inte sker inom tio år från uppkomsten av fordran.

När det gäller en fordran till följd av beslut om återkrav av studiestöd anser regeringen att preskriptionstiden bör räknas från den dag då beslut om återkrav fattas.

*En aktiv indrivningsverksamhet krävs*

Regeringen instämmer med vad *Statskontoret* och *Kronofogdemyndigheten* anför i sina remissvar om att det är väsentligt att CSN bedriver en aktiv indrivningsverksamhet och inte väntar till de sista åren innan preskription inträder. Vidare föreslås med beaktande av det som *Svea hovrätt och Malmö tingsrätt* har anfört att paragrafen utformas så att det klart framgår att bestämmelsen om preskription avser CSN:s fordringar på studiestödsmottagare och omfattar såväl en fordran som avser återbetalning av studielån som en fordran till följd av återkrav av studiestöd.

*Den förlängda preskriptionstiden ska gälla alla studiestödsfordringar*

Studieskulder till betydande belopp riskerar att skrivas av under de närmaste åren. För att förändringen ska få önskvärd effekt inom CSN:s återbetalnings- och återkravsverksamhet är det av stor betydelse att de nya bestämmelserna införs för dels befintliga och nytillkommande låntagare, dels återbetalningsskyldiga för återkrav. Även de skäl som har anförts för att preskriptionstiden ska förlängas motiverar en retroaktiv tillämpning av den nya bestämmelsen. Detta framhåller också *Statskontoret* i sitt remissvar. Regeringen föreslår därför att den förlängda preskriptionstiden ska gälla retroaktivt i fråga om studiestödsfordringar som har lämnats enligt den äldre studiestödslagen (1973:349), dvs. fordringar från de äldre lånesystemen, som uppkommit innan den nya bestämmelsen trätt i kraft. Med en studiestödsfordran avses även här såväl en fordran som avser återbetalning av studielån och studiemedel som en fordran på återkrav av studiestöd. Den ändrade preskriptionstiden ska dock endast tillämpas på fordringar som inte redan har preskriberats när den nya bestämmelsen träder i kraft. Den längre preskriptionstiden ska således inte gälla för fordringar där det vid tidpunkten omedelbart före ikraftträdandet inte har vidtagits någon preskriptionsavbrytande åt-

gärd inom tio år från den sista utbetalningen av studielånet. Till skillnad från utredningen anser regeringen att det inte är nödvändigt att ange att den förlängda preskriptionstiden, när det gäller studiestöd som har lämnats enligt den gamla studiestödslagen, gäller endast fordringar som har uppkommit före den 1 juli 2011.

C

**EXHIBIT "D"**

# The Study Support Act (1999:1395)

**Swedish Statute Book No.:** 1999:1395
**Department/Government:** Ministry of Education
**Issued:** 1999-12-16
**Reprint:**
**Modified:** until SFS [Swedish Statute Book] 2014:1580
**Other Text:**

**Update Directory:** SFSR (Lagrummet) [Portal for Swedish public legal information]
**Source:** Government Offices/Lagrummet

---

...

21. Any claim referring to repayment of student loans or study support or recovery of study aid submitted under the Study Support Act (1973:349) becomes statute-barred twenty-five years after it was made, unless the limitation is disrupted prior thereto. However, this applies only if the claim has not been statute-barred prior to July 1, 2011. *Law (2011:859).*

....

D

# Studiestödslag (1999:1395)

**SFS nr**: 1999:1395
**Departement/myndighet**: Utbildningsdepartementet
**Utfärdad**: 1999-12-16
**Omtryck**:
**Ändrad**: t.o.m. SFS 2014:1580
**Övrig text**:

**Ändringsregister**: SFSR (Lagrummet)
**Källa**: Regeringskansliet / Lagrummet

---

...

21. En fordran som avser återbetalning av studielån eller studiemedel eller återkrav av studiestöd som har lämnats enligt studiestödslagen (1973:349) preskriberas tjugofem år efter tillkomsten, om inte preskriptionen avbryts dessförinnan. Detta gäller dock endast om fordran inte har preskriberats före den 1 juli 2011. *Lag (2011:859).*

...

D

**EXHIBIT "E"**

**[Regulations for Loans Taken Between January 1, 1989 and June 30, 2001 (Student Loans)]**

## Swedish Code of Statutes [Regulations]

SFS 1998:656

Published from the printer
On June 24, 1998

**Ordinance amending the study support regulations (1973:418)**

Issued on June 11, 1998

The Government prescribes that Ch. 7, 2 a §, Ch. 8, 1 and 5 § §, Ch. 9, 1 a § and attachment to the study support regulations (1973:418) including points 1 a, and 8 in the transitional provisions of the regulations (1988:1381) regarding changes in the said regulation shall have the following wording.

...

**Chapter 8**

1 § Fees for administrative costs shall be charged for the demand of the annual amount (service fee) and upon reminders of overdue annual amounts. The service fee is 100 [Swedish] Kronor for each annual amount that is charged and the reminder fee of 120 [Swedish] Kronor for each reminder. The fees are payable according to time as determined by The Swedish Board for Study Support.

...

E

Svensk författningssamling

# Förordning om ändring i studiestödsförordningen (1973:418);

SFS 1998:656

Utkom från trycket den 24 juni 1998

utfärdad den 11 juni 1998.

Regeringen föreskriver att 7 kap. 2 a §, 8 kap. 1 och 5 §§, 9 kap. 1 a § och bilagan till studiestödsförordningen (1973:418) samt punkterna 1 a och 8 i övergångsbestämmelserna till förordningen (1988:1381) om ändring i nämnda förordning skall ha följande lydelse.

**8 kap.**

1 §[2] Avgifter för administrativa kostnader skall tas ut för debitering av årsbelopp (expeditionsavgift) och vid påminnelse om förfallna årsbelopp. Expeditionsavgiften är 100 kronor för varje årsbelopp som debiteras och påminnelseavgiften är 120 kronor för varje påminnelse. Avgifterna skall betalas på tid som Centrala studiestödsnämnden bestämmer.

E

**EXHIBIT "F"**

## Swedish Code of Statutes [Regulations]

SFS 2009:1536
Published from the printer
On December 30, 2009

**Ordinance amending the study support regulations (2000:655)**

Issued on December 17, 2009

The Government prescribes with respect to study support regulations (2000:655)

...

**[Regulations for Loans Taken Between January 1, 1989 and June 30, 2001 (Student Loans)]**

10. Instead of the stated service fee in Chapter 8, §1 of the study support ordinance (1973:418), the service fee is to be 120 [Swedish] Kronor for each annual amount that is charged and the reminder fee 200 [Swedish] Kronor for each reminder.

...

F

Svensk författningssamling

SFS 2009:1536
Utkom från trycket
den 30 december 2009

## Förordning
## om ändring i studiestödsförordningen (2000:655);

utfärdad den 17 december 2009.

Regeringen föreskriver i fråga om studiestödsförordningen (2000:655)

10. I stället för det som anges i 8 kap. 1 § studiestödsförordningen (1973:418) ska expeditionsavgiften vara 120 kronor för varje årsbelopp som debiteras och påminnelseavgiften 200 kronor för varje påminnelse.

F

**EXHIBIT "G"**

KAMMARRÄTTEN I GÖTEBORG
**[Administrative Court of Appeal in Göteborg]**
Department 2

**JUDGMENT**
2012-10-03 [October 3, 2012]
Presented in Göteborg

Case no. 8242-8244-11

**APPELLANT**
Susan Karkman, 731029-3969 [Swedish personal identification number]

Representation:
Attorney Rudolf Laurin
Wistrand Advokatbyrå
Box 11920
404 39 Göteborg

**OPPONENT**
Centrala Studiestödsnämnden [The Swedish Board For Study Support]
Main Office
85 l 82 Sundsvall

**APPEALED RULING**
Administrative Court in Malmö's Ruling October 24, 2011, Cases no. 12844-10, 13840-10 ·and 1386-11, see enclosure A

**REGARDING**
Write-off of study loan including annual amount for 2010 and 2011 regarding study loan.

---

**COURT OF APPEAL DECISION**

The Court of Appeal rejects the appeal [by the student borrower] as it relates to write-off of study loan (case no·. 8244-11).

The Court of Appeal annuls the lower court's decision as it relates to annual amount for 2010 and 2011 and returns the cases back to The Swedish Board For Study Support for reconsideration (case no. 8242-8243-11).

---




| Postal address | Visiting address | Telephone | Telefax | Office hours |
|---|---|---|---|---|
| Box 1531<br>401 50 Göteborg | Stora Nygatan 21 | +1 (0)31-732 74 00<br>E-mail: kammarratten.goteborg@dom.se<br>www.kammarratten.goteborg.se | +1 (0)31-732 76 00 | Monday-Friday<br>8:00 am – 4:00 pm |

**DEMANDS**

*Susan Karkman*

Susan Karkman demands that the Court of Appeal decide that her study loan shall be written off based as time-barred [statute of limitations] and determines the annual amounts to be zero [Swedish] crowns [SEK]. She refers to the following to support her petition.

The claim by Centrala Studiestödsnämnden (CSN) [The Swedish Board For Study Support] is time-barred. CSN has not showed that she has received any of CSN's demands with in a ten-year period. She has demonstrably lived in the United States with permanent status since August 23, 1999 and has been a citizen of that country since February 13, 2006. She has been completely open about living in the United States and she has received her mail there. She has therefore never had reason to check if any mail arrived to her at Börringegatan 4 C [Malmö, Sweden] where her mother lived, but where she never physically lived herself. Her name was not on the mailbox and her mother's name was not Karkman. She has only had sporadic contacts with her mother, who in addition was very ill and passed away in 2005.

CSN has had full access to information about her address in the United States. She provided when in contact with CSN in January 1996 that all correspondence with her should be sent to the address: ERAU Box 146496, FL 32114-3977, USA. Her latest application for study loans on August 15, 1999, which CSN later denied, shows that she submitted the mentioned address for the purpose of correspondence with CSN. As far as she knows, CSN sent all correspondence to that address during that time.

After her studies, she has been a know person and represented her university. When CSN realized the issue of statue of limitations, it would have been easy to find her. She immediately contacted CSN when she received correspondence from the agency in the spring of 2010. CSN's position

that the statue of limitations was disrupted just because annual statements were sent to her [Swedish Population] registered address lacks legal support.

The Administrative Court has ruled on the two cases regarding annual amounts without giving her the opportunity to develop her petition regarding the amounts, even though demanded. The Administrative Court is guilty of incorrect procedure. Extract from the American Tax Authorities [IRS] annual statement shows that it would have been grounds for adjustments of the annual amounts.

*CSN*

CSN considers that the appeal shall be denied and refers to among other things the following. Several disruptions of the statute of limitations has occurred by CSN sending an annual statement with the amount of the debt in January of each year during 1993-2007 to Susan Karkman's [Swedish Population] registered address. These letters have not been returned. CSN has not missed any payments from Susan Karkman since her taxed income has been so low that CSN has not been able to charge an annual amount. It's reasonable to demand that the individual advises her address to the agencies in question where she can be reached, or that she through mail forwarding, or a similar arrangement, makes sure that she receives her mail.

Susan Karkman's [Swedish Population] registered address was Börringegatan 4 C in Malmö [Sweden] during the period April 15, 1993 - August 13, 2007. Her mother's registered address was also there until she passed away in June 2005. Susan Karkman has in several study loan applications submitted the registered address as her address in Sweden. She also stated in one application that she could be reached at that address during the summer.

The latest known foreign address Susan Karkman submitted to CSN is her study location address, ERAU Box 146196, FL 32114, USA. It is reasonable to believe that she lived there until she received

her Master's degree in May 2000. Thereafter, she has not submitted any change of address to CSN even though she had other addresses in the United States. The reason why CSN finally established contact with Susan Karkman was because CSN initiated an address search since a current address was missing. Susan Karkman has not confirmed when she moved from her study location address or during which time periods she lived at other addresses in the Unites States.

CSN considers that Susan Karkman has been aware that she took out a loan that shall be repaid. During the study time period, CSN has on a yearly basis sent out annual statements to her that shows the updates to the study loan. She should therefore have known that she should expect annual statements every year after completing her studies. Despite that, she has not contacted CSN regarding repayment or submitted her new address.

Susan Karkman has not sent in proof equivalent of a tax bill in the United States. CSN finds, therefore, that she has not proven her income for 2008. CSN considers that Susan Karkman's annual amount for 2010 has been determined correctly. Since Susan Karkman lived abroad for more than 180 days in 2009 and CSN in the beginning of 2011 didn't have information about her foreign income for 2009, CSN considers that the annual amount for 2011 is also calculated correctly.

*Other*

The Administrative Court ordered on November 30, 2011 that CSN's decisions on August 27, 2010 and January 5, 2011 regarding annual amounts for 2010 and 2011 is not valid pending the Court of Appeals' final ruling or other decision.

**REASON FOR THE COURT OF APPEAL's DECISION**

*Applicable regulations etc.*

Applicable regulations regarding statute of limitations is presented in the ruling by the Administrative Court.

Based on rulings from the [Swedish] Supreme Court the following is precedent regarding disruption to the statute of limitations.

When demand is sent via a mailing it is the creditor that takes the risk that the mailing does not arrive and it is incumbent on the creditor to prove that the letter arrived to the debtor (see among others NJA 1996 page 809).

In NJA 2007 page 157 the [Swedish] Supreme Court discussed what proof of evidence shall be required of the creditor to establish that disruption to the statute of limitations shall be assumed to have occurred. The case concerned a consumer debt in which the statute of limitations runs after three years. The creditor had sent five demand mailings within the three year period and thereafter nine additional demand mailings. The mailings had been sent to the debtor' s registered address. The Supreme Court stated as follows. The fact is that it is not disputed or undisputed that an individual mailing sent to the debtor in this context is not normally accepted as sufficient proof that the debtor received the letter, even though dispatch itself is strong evidence that the mailing also reached the addressee (see NJA 1996 page 809; compare also NJA 1998 page 750). When however it is, as here, a situation of numerous mailings, the possibility that not at least one of these shall have reached the debtor shall be considered insignificant, unless there exists some special reason that would support such a conclusion (compare [Government] proposal 1990/91: 11 page 19).

In the Supreme Court's decision NJA 2012 page 172, the court made an additional decision regarding sufficient proof. In that case, the debtor claimed inter alia, that he had not received any demand

mailings regarding the debt and that he had not lived at his [Swedish Population] registered addresses. The debtor had five different registered addresses between 1992 and 2009 and for a period of four months lacked a registered address. In the case, it was determined that 25 mailings had been sent to the debtor at each current [Swedish Population] registered addresses without any mailing having been returned and that nine of the letters were sent within the initial statue of limitations (10 years). The risk that none of these nine mailings had not reached the debtor was found negligible by the Supreme Court. Furthermore, the court stated that the mailings were sent to the [Swedish Population] registered addresses and that he had reason to check on his mail there, regardless of him living there or not. Even though he did not live at the addresses, the court found that a mailing delivered there should be considered to have reached him.

*Investigation in case*

Susan Karkman studied with study loans for a total of twelve semesters from fall of 1992 to and including spring of 1999. The last disbursement of study loan occurred on April 7, 1999.

Between 1994 and 2000, Susan Karkman studied at Embry-Riddle Aeronautical University (ERAU) in Daytona Beach, ISA. In the study loan application signed June 11, 1994, Susan Karkman noted that her country of registered residence was Sweden and that her Swedish address was Börringegatan 4 C in Malmö. Under the heading "Foreign address – state the foreign address where you want correspondence sent", she wrote an address on Clyde Morris Blvd in Port Orange, Florida. She stated that the address was valid until and including August 1998. In a supplement to her study aid application dated June 23, 1994, she stated that she would be in Sweden July 11 to August 15 and that her address during that time was Börringegatan 4 C in Malmö. She applied on July 6, 1995 for

continuing study aid for studies abroad. On the application, the American address of Clyde Morris Blvd was preprinted. In an attachment to the application, she submitted a new address in the United States; ERAU, Box 146496 in Florida. She then submitted unchanged address information in study aid applications in 1997 and 1998. The 1997 study aid application says that the American address is valid until August 8, 1998. On the form on which Susan Karkman applied for additional study aid on August 15, 1999 is her latest stated American address preprinted. She did not note how long the address would be valid.

The estate inventory after Susan Karkman's mother, states that Susan Karkman had a new address in the United States as of July 8, 2005: Sapp Road, New Smyrna Beach, Florida. In the investigation of the case, it shows that Susan Karkman moved from Jamestown, North Carolina to Hawick Manor in Pineville, North Carolina in 2008 and that she currently lives in Charlotte, North Carolina. Susan Karkman has not submitted these addresses to CSN.

The investigation in the case also shows that Susan Karkman was [population] registered as a resident of Sweden and that her address was Börringegatan 4 C in Malmö from April 15, 1993 - August 13, 2007. Thereafter Susan Karkman was registered without known address until September 16, 2010. From that day she is registered as having emigrated.

Susan Karknan's mother lived at Susan Karkman's [population] registered address until her death in June 2005.

Susan Karkman received a written demand from CSN in the spring of 2010 dated April 23, 2010.

*Court of Appeal assessment*

*Question regarding statute of limitations*

Susan Karkman's study debt shall be considered to have been made when the entire loan had been disbursed, i.e. April 7, 1999. ([Government] proposal 2010/11:113 page 24). If no disruption of

the statue of limitation has occurred during the following ten year time-limit, CSN's claim on Susan Karkman shall be considered to have lapsed as of April 8, 2009.

CSN has stated that agency during the time period 1993-2007 annually in January sent an annual statement to Susan Karkman at the address Börringegatan 4 C in Malmö where she had her [Swedish Population] registered address in Sweden. None of those mailings were returned. There are no reasons to question this information. During the time period 2001-2007, CSN has sent seven annual statements to Susan Karkman's [population] registered address. The risk that none of these statements have not reached the register address was found negligible by the Court of Appeal.

Based on the [Swedish] Supreme Court's decisions it has been established that the debtor has a reason to monitor his/her mail at that address where he/she is registered. A mailing that has been delivered to the [population] registered address should be regarded as having reached the debtor even though the debtor does not live at the [population] registered address. According to Chapter 8, paragraph 22 of the study support act (1973:349) it follows that the burden is on the obligor to provide CSN with information that is of consequence for application of the repayment regulations. In addition, according to paragraph 27 of the Population Registration Act (1991 :481) it follows in addition a requirement for those who are registered and intend to move abroad to report this to the Taxing Authority or Social Insurance agency, as well as report the foreign address to one of the these agencies.

The investigation in the case found that Susan Karkman did not report to the Swedish agencies in question that she intended to move abroad. She did however report an address in the United States to CSN where she could be contacted during her studies, but after finishing her studies she has not submitted the information CSN, needed by the agency, to contact her in the United State even though she moved at least four times after finishing her studies. Since she kept her [Swedish Population] registered address, the Court of Appeal finds that with this background it has been Susan Karkman responsibility to monitor her mail at the registered address.

Börringegatan 4 C in Malmö. The Court of Appeal finds that the annual statements sent to Susan Karkman's registered address should be considered to have reached her. The statue of limitations has therefore been disrupted and Susan Karkman's study loan is therefore not time-barred.

*Question regarding incorrect procedure and calculations of annual amounts for 2010 and 2011*

The Administrative Court has on December 7, 2010 in case no. 12844-10 and 113840-10 regarding write-off and the annual amount for 2010 suggested that Susan Karkman complete her action. She has thereafter submitted arguments termed completion of the action. In the Administrative Court's case no. 1386-11 regarding annual amount for 2011, Susan Karkman petitioned that the court hold its decision until the question of the statue of limitations is ruled on. The Administrative Court has not acted on that before the ruling was presented on October 24, 2011. No insufficiency that calls for remitting the case to the Administrative Court has been found. Susan Karkman's petition regarding incorrect procedure therefore prompts no action from the Court of Appeal.

Susan Karkman has submitted financial support of her 2008 and 2009 income in the United States to the Appeal Court. These proofs – Record of Account from Internal Revenue Service (IRS) – contain information that must be considered important for the calculation of her annual amounts for 2010 and 2011. It is primarily CSN that has to consider the consequences of the submitted documents. The Administrative Court's cases no. 8242-11 and 8243-11 shall therefore be returned back to CSN for recalculating the annual amounts for 2010 and 2011.

---

HOW TO APPEAL – see enclosure B (form 1)

[Signed]
Kristina Harmsen Hogendoorn

[Signed]
Maria Lindvall

[Signed]
Magnus Lundberg
Referent

[Signed]
/Matihas Granberg

KAMMARRÄTTEN I GÖTEBORG
Avdelning 2

# DOM

2012 -10- 03
Meddelad i Göteborg

ANKOM
2012 -10- 08
CSN LUND

**KLAGANDE**
Susan Karkman, 731029-3969

Ombud: Advokat Rudolf Laurin
Wistrand Advokatbyrå
Box 11920
404 39 Göteborg

**MOTPART**
Centrala studiestödsnämnden
Huvudkontoret
851 82 Sundsvall

**ÖVERKLAGAT AVGÖRANDE**
Förvaltningsrättens i Malmös dom den 24 oktober 2011 i mål nr 12844-10, 13840-10 och 1386-11, se bilaga A

**SAKEN**
Avskrivning av studielån samt årsbelopp för 2010 och 2011 avseende studielån

---

## KAMMARRÄTTENS AVGÖRANDE

Kammarrätten avslår överklagandet såvitt avser avskrivning av studielån (mål nr 8244-11).

Kammarrätten upphäver underinstansernas avgöranden såvitt avser årsbelopp för 2010 och 2011 och visar målen härom åter till Centrala studiestödsnämnden för ny prövning (mål nr 8242–8243-11).

---



Postadress: Box 1531, 401 50 Göteborg
Besöksadress: Stora Nygatan 21
Telefon: 031-732 74 00
Telefax: 031-732 76 00
E-post: kammarratten.goteborg@dom.se
www.kammarratten.goteborg.se
Expeditionstid: måndag – fredag 08:00-16:00

G
39

**YRKANDEN M.M.**

*Susan Karkman*

Susan Karkman yrkar att kammarrätten bestämmer att hennes studielån ska avskrivas såsom preskriberat samt fastställer årsbeloppen till noll kr. Hon anför bl.a. följande till stöd för sin talan.

Den fordran som Centrala Studiestödsnämnden (CSN) har är preskriberad. CSN har inte visat att hon har tagit del av CSN:s krav inom en tioårsperiod. Hon har bevisligen bott i USA med permanent uppehållstillstånd sedan den 23 augusti 1999 och har haft medborgarskap i det landet sedan den 13 februari 2006. Hon har varit helt öppen med att hon bor i USA och har erhållit sin post dit. Hon har således aldrig haft anledning att bevaka om någon post eventuellt kommit till henne till Börringegatan 4 C där hennes mor bodde, men där hon själv aldrig fysiskt har bott. Hennes namn fanns inte på brevlådan och moderns namn var inte Karkman. Hon har haft endast sporadiska kontakter med sin mor som dessutom var svårt sjuk och avled redan 2005.

CSN har haft full tillgång till uppgifter om hennes adress i USA. Hon uppgav i kontakt med CSN i januari 1996 att all korrespondens med henne skulle ske till adress ERAU Box 146496, Fl 32114-3977, USA. Av hennes sista ansökan om studiemedel den 15 augusti 1999, som CSN sedermera avslog, framgår att hon också vid detta tillfälle angav nämnda adress för korrespondens med CSN. Såvitt hon känner till skickade CSN under denna tid samtliga skrivelser till denna adress.

Hon har efter sina studier varit en känd person och representant för sitt universitet. När CSN uppmärksammade frågan om preskription hade det varit enkelt att lokalisera henne. Hon tog omedelbart kontakt med CSN när hon mottog en skrivelse från myndigheten under våren 2010. CSN:s uppfattning

att preskriptionsavbrott skett bara för att årsbesked har avsänts till folkbokföringsadressen i Sverige saknar rättsligt stöd.

Förvaltningsrätten har slutligt avgjort de två mål som avser fastställande av årsbelopp utan att hon fått möjlighet att i sak utveckla sin talan i fråga om beloppens storlek, trots yrkande därom. Förvaltningsrätten har gjort sig skyldig till rättegångsfel. Av utdrag ur amerikanska skatteverkets årsbesked framgår att det hade funnits grund för justering av årsbeloppen.

*CSN*

CSN anser att överklagandet ska avslås och anför bl.a. följande. Ett flertal preskriptionsavbrott har skett genom att CSN under perioden 1993–2007 i januari varje år har skickat årsbesked om skuldens storlek till Susan Karkmans folkbokföringsadress i Sverige. Dessa försändelser har inte kommit i retur. CSN har inte saknat några betalningar från Susan Karkman eftersom hon har taxerats för så låga inkomster att CSN inte kunnat ta ut något årsbelopp. Det kan skäligen krävas av den enskilde att hon underrättar berörda myndigheter om vilken adress hon kan nås på, alternativt att hon genom eftersändning eller liknande åtgärd säkerställer att hon nås av sin post.

Susan Karkman var folkbokförd på Börringegatan 4 C i Malmö under perioden den 15 april 1993–13 augusti 2007. Där var också hennes mor folkbokförd till dess hon avled i juni 2005. Susan Karkman har i ett flertal studiemedelsansökningar uppgett folkbokföringsadressen som sin adress i Sverige. Hon har också i en ansökan uppgett att hon kan nås på den adressen under en period på sommaren.

Den senast kända utländska adress som Susan Karkman lämnat till CSN är hennes studieortsadress, ERAU Box 146196, FL 32114 USA. Det är rimligt att Susan Karkman bott på studieortsadressen längst fram till och med sin

G

masterexamen i maj 2000. Hon har därefter inte lämnat några adressändringar till CSN trots att hon haft andra adresser i USA. Att CSN slutligen fick kontakt med Susan Karkman berodde på att CSN inledde en adressökning, eftersom aktuell adress saknades. Susan Karkman har inte styrkt när hon flyttade från studieortsadressen eller under vilken tid hon bodde på övriga adresser i USA.

CSN anser att Susan Karkman har varit medveten om att hon tagit ett lån som ska återbetalas. Under studietiden har CSN årligen skickat årsbesked till henne med uppgift om studielånets utveckling. Hon bör därmed ha haft kännedom om att hon kunde vänta sig årsbesked varje år efter att hon avslutat sina studier. Hon har trots det inte kontaktat CSN om återbetalning eller meddelat sina nya adresser.

Susan Karkman har inte skickat in de intyg som motsvarar ett taxeringsbesked i USA. CSN anser därför att hon inte har styrkt sin inkomst för 2008. CSN anser att Susan Karkmans årsbelopp för 2010 har fastställts korrekt. Eftersom Susan Karkman var bosatt utomlands under mer än 180 dagar år 2009 och CSN vid ingången av 2011 saknade uppgift om hennes utländska inkomst för 2009, anser CSN att även årsbeloppet för 2011 är korrekt beräknat.

*Övrigt*

Kammarrätten förordnade den 30 november 2011 att CSN:s beslut den 27 augusti 2010 och den 5 januari 2011 om årsbelopp för 2010 och 2011 inte ska gälla i avvaktan på att kammarrätten avgör målen slutligt eller beslutar annat.

## SKÄLEN FÖR KAMMARRÄTTENS AVGÖRANDE

*Tillämpliga bestämmelser m.m.*

Tillämpliga bestämmelser om preskription framgår av förvaltningsrättens dom.

Av praxis från Högsta domstolen om preskriptionsavbrott framgår bl.a. följande.

När krav skickas med brev, är det borgenären som står risken för att brevet inte kommer fram, och det ankommer på borgenären att styrka att brevet nått gäldenären (se bl.a. NJA 1996 s. 809).

I NJA 2007 s. 157 gjorde Högsta domstolen uttalanden om vilket beviskrav som ska ställas på borgenären för att preskriptionsavbrott ska anses ha skett. I målet var fråga om en konsumentfordran som preskriberas efter tre år. Borgenären hade skickat fem kravbrev inom treårsfristen och därefter ytterligare nio kravbrev. Breven hade skickats till gäldenärens folkbokföringsadress. Högsta domstolen anförde följande. Den omständigheten att det är utrett eller ostridigt att ett enstaka brev avsänts till gäldenären har i detta sammanhang normalt inte godtagits som tillräcklig bevisning om att gäldenären också mottagit brevet, trots att avsändandet i sig är ett starkt belägg för att försändelsen också nått adressaten (se NJA 1996 s. 809; jfr också NJA 1998 s. 750). När det emellertid som här är fråga om ett flertal försändelser får möjligheten att inte åtminstone någon nått gäldenären anses vara närmast försumbar, om ingen särskild omständighet till stöd för detta föreligger (jfr prop. 1990/91:11 s. 19).

I Högsta domstolens avgörande NJA 2012 s. 172 gjorde domstolen ytterligare uttalanden gällande beviskravet. I målet hade gäldenären bl.a. gjort

gällande att han inte fått något kravbrev avseende fordringen och att han inte hade varit bosatt på de adresser där han varit folkbokförd. Gäldenären hade varit folkbokförd på fem olika adresser mellan åren 1992 och 2009 och hade under en period om fyra månader saknat folkbokföringsadress. I målet ansågs utrett att 25 brev skickats till gäldenärens vid var tid gällande folkbokföringsadress utan att ha returnerats och att nio av breven hade skickats inom den inledande preskriptionstiden (10 år). Risken för att ingen av dessa nio försändelser hade kommit fram till adressen ansågs försumbar av Högsta domstolen. Vidare anförde domstolen att breven har skickats till gäldenärens folkbokföringsadresser samt att han har haft anledning att bevaka sin post där, oavsett om han har bott på adresserna eller inte. Även om han inte har bott på adresserna ansåg Högsta domstolen att en försändelse som har delats ut där ska anses ha kommit honom till handa.

*Utredningen i målet*

Susan Karkman studerade med studiemedel under sammanlagt tolv terminer från och med hösten 1992 till och med våren 1999. Den sista utbetalningen av studiemedel skedde den 7 april 1999.

Mellan 1994 och 2000 studerade Susan Karkman vid Embry-Riddle Aeronautical University (ERAU) i Daytona Beach, USA. I studiemedelsansökan undertecknad den 11 juni 1994 uppgav Susan Karkman att hon var folkbokförd i Sverige och att hennes adress i Sverige var Börringegatan 4 C i Malmö. Under rubriken "Adress i utlandet. Här ska du ange den adress i utlandet dit du vill ha din korrespondens" uppgav hon en adress på Clyde Morris Blvd i Port Orange, Florida. Hon uppgav att adressen var giltig till och med augusti 1998. I en komplettering till sin studiemedelsansökan daterad den 23 juni 1994 uppgav hon att hon skulle vara i Sverige mellan den 11 juli och den 15 augusti och att hennes adress under denna tid var Börringegatan 4 C i Malmö. Hon ansökte den 6 juli 1995 om fortsatta studiemedel för utlandsstudier. På ansökningsblanketten var den amerikanska

adressen på Clyde Morris Blvd förtryckt. I en bilaga till ansökan uppgav hon ny adress i USA; ERAU, Box 146496 i Florida. Hon lämnade sedan oförändrade adressuppgifter i studiemedelsansökan 1997 och 1998. Av studiemedelsansökan från 1997 framgår att den amerikanska adressen skulle gälla till den 8 augusti 1998. På blanketten med vilken Susan Karkman ansökte om ytterligare studiemedel den 15 augusti 1999 är den av henne senast uppgivna amerikanska adressen förtryckt. Någon uppgift om hur länge adressen fortsatt skulle vara giltig lämnades inte av henne.

Av bouppteckningen efter Susan Karkmans mor framgår att Susan Karkman den 8 juli 2005 hade ny adress i USA; Sapp Road, New Smyrna Beach, Florida. Av utredningen i målet framgår vidare att Susan Karkman i september 2008 flyttade från Jamestown, North Carolina, till Hawick Manor i Pineville, North Carolina och att hon för närvarande bor i Charlotte, North Carolina. Dessa nya adresser har Susan Karkman inte underrättat CSN om.

Av utredningen i målet framgår vidare att Susan Karkman varit folkbokförd i Sverige på adressen Börringegatan 4 C i Malmö under perioden den 15 april 1993–13 augusti 2007. Därefter var Susan Karkman registrerad utan känt hemvist fram till den 16 september 2010. Hon är från och med den dagen registrerad som utvandrad. Susan Karkmans mor var bosatt på Susan Karkmans folkbokföringsadress fram till sin död i juni 2005.

Susan Karkman mottog under våren 2010 ett skriftligt krav från CSN daterat den 23 april 2010.

*__Kammarrättens bedömning__*

*Fråga om preskription*

Susan Karkmans studieskuld ska anses tillkommen när hela det beviljade lånat hade betalats ut, dvs. den 7 april 1999 (prop. 2010/11:113 s. 24). Om

inte något preskriptionsavbrott har skett under den därpå följande tioårsfristen ska CSN:s fordran på Susan Karkman därför anses preskriberad den 8 april 2009.

CSN har uppgett att nämnden under perioden 1993–2007 i januari varje år skickade årsbesked till Susan Karkman på adressen Börringegatan 4 C i Malmö, där hon var folkbokförd i Sverige. Av dessa försändelser kom inte någon i retur. Anledning att ifrågasätta dessa uppgifter föreligger inte. Under perioden 2001–2007 har CSN skickat sju årsbesked till Susan Karkmans folkbokföringsadress. Risken för att inte något av dessa årsbesked skulle ha kommit fram till folkbokföringsadressen får enligt kammarrättens uppfattning anses försumbar.

Av den praxis som Högsta domstolen etablerat följer att gäldenären har anledning att bevaka sin post på den adress där denne är folkbokförd. En försändelse som har delats ut på folkbokföringsadressen ska anses ha kommit gäldenären tillhanda även om gäldenären inte bor på folkbokföringsadressen. Av 8 kap. 22 § studiestödslagen (1973:349) följer att det åligger den återbetalningsskyldige att lämna CSN de uppgifter som är av betydelse för tillämpningen av återbetalningsreglerna. Av 27 § folkbokföringslagen (1991:481) följer också en skyldighet för den som är folkbokförd och avser att flytta till utlandet att anmäla detta till Skatteverket eller Försäkringskassan, liksom att anmäla adress i utlandet till någon av dessa myndigheter.

Av utredningen i målet framgår att Susan Karkman inte anmälde till berörda myndigheter i Sverige att hon avsåg att flytta utomlands. Hon anmälde visserligen till CSN en adress i USA där hon kunde kontaktas under studietiden, men har sedan hon avslutat sina studier inte lämnat CSN de uppgifter som nämnden behövt för att komma i kontakt med henne i USA, trots att hon flyttat vid i vart fall fyra tillfällen sedan hon avslutat sina studier. Eftersom hon har behållit sin svenska folkbokföringsadress anser kammarrätten mot denna bakgrund att det har ålegat Susan Karkman att bevaka sin

G

post på folkbokföringsadressen på Börringegatan 4 C i Malmö. Kammarrätten anser att de årsbesked som CSN har skickat till Susan Karkmans folkbokföringsadress ska anses ha kommit henne till handa. Preskriptionen har därmed avbrutits och Susan Karkmans studielån är således inte preskriberat.

*Fråga om rättegångsfel samt beräkning av årsbeloppen för 2010 och 2011*

Förvaltningsrätten har den 7 december 2010 i mål nr 12844-10 och 13840-10 angående avskrivning och årsbelopp 2010 förelagt Susan Karkman att slutföra sin talan. Hon har därefter inkommit med yttrande benämnt slutförande av talan. I förvaltningsrättens mål nr 1386-11 angående årsbelopp 2011 har Susan Karkman vidare den 1 mars 2011 hemställt att rätten avvaktar med avgörande av målet till dess frågan om preskription avgjorts. Förvaltningsrätten synes visserligen inte ha vidtagit någon åtgärd med anledning härav innan dom meddelades den 24 oktober 2011. Någon sådan brist som bör medföra återförvisning av målet till förvaltningsrätten kan emellertid inte anses föreligga. Vad Susan Karkman anfört om rättegångsfel föranleder därför ingen kammarrättens åtgärd.

Susan Karkman har i kammarrätten inkommit med ekonomiskt underlag för sina inkomster i USA under 2008 och 2009. Dessa intyg – Record of Account från Internal Revenue Service (IRS) – innehåller uppgifter av sådant slag att de måste bedömas ha betydelse för beräkningen av hennes årsbelopp för 2010 och 2011. Det bör emellertid i första hand ankomma på CSN att ta ställning till konsekvenserna av ingivet material. Kammarrättens mål nr 8242-11 och 8243-11 ska därför återförvisas till CSN för ny beräkning av årsbeloppen för 2010 och 2011.

HUR MAN ÖVERKLAGAR, se bilaga B (formulär 1).

Kristina Harmsen Hogendoorn

Maria Lindvall

Magnus Lundberg
referent

/Mathias Granberg

**EXHIBIT "H"**

HOVRÄTTEN ÖVER SKÅNE OCH BLEKINGE
**[Court of Appeal for SKÅNE and BLEKINGE]**
Department 1
Division 18

**MINUTES OF DECISION**
April 1, 2008
Presented in
Malmö (**Ruling 2008-05-05 [May 5, 2008]**)

Enclosure 11
Case no. ÖÄ 2441-07

**THE COURT**
Chief Justice of The Court of Appeal Lars Göran Abelson, Court of Appeal Judge Jan E Ohlsson and Pro Tempore Associate Court of Appeal Judge Anna Graninger (referent and record keeper)

**APPELLANT**
Centrala Studiestödsnämnden (CSN)
85 l 82 Sundsvall

Represented by:
Jur. kand. [Master of Law] Anna-Karin Blom
Centrala Studiestödsnämnden, 851 82 Sundsvall

**OPPONENT**
Ulf CHRISTER Brandt, 470419-3954 [Swedish personal identification number]
Docentgatan 14 C, 215 52 Malmö

**REGARDING**
Opposition to enforcement

**APPEALED RULING**
Malmö District Court's Ruling 2007-10-08 [October 8, 2007], Case no. Ä 6959-07, see enclosure A

---

The referent announces: Centrala Studiestödsnämnden (CSN) petitions the Court of Appeal to decide that a barrier to enforcement of the Kronofogdemyndighetens [The Swedish Enforcement Authority's] case of execution number U-3766-07/1250 does not exist. Christer Brandt has challenged a change.

The case was presented after which the Appeals Court reached the following

**DECISION**
to be announced May 5, 2008.

According to par. 5 of the Limitations Act (1981:130), the statue of limitation is disrupted inter alia when the debtor receives a written demand or written reminder concerning the debt from the creditor. The demand or reminder must have reached the debtor in order for the statute of limitations to have been disrupted. When a demand or reminder is sent by mail, it is the creditor who



| Postal address | Visiting address | Telephone | Telefax | Office hours |
|---|---|---|---|---|
| Box 846 | Malmöhusvägen | +1 (0)40-35 57 00 | +1 (0)40-783 11 | Monday-Friday |
| 201 80 Malmö | | E-mail: hovratten.skaneblekinge@dom.se | | 9:30 am - 12:00 noon |
| | | | | 1:00 pm - 3:00 pm |

assumes the risk that the mail has not arrived and the burden is on the creditor to prove that the mailing has reached the debtor (see[Swedish Highest Court Case] NJA 1996 page 809).

The debt in question is determined by Malmö District Court by a final proof dated February 15, 1983. The debt is subject to a 10 year statute of limitations. In the case, it was determined that a disruption in the statue of limitation occurred inter alia in 1985 when CSN applied for enforcement at Kronofogdemyndigheten [The Swedish Enforcement Authority] and Christer Brandt during the handling of the enforcement case was informed of this and that a new statute of limitations period on account therefore shall count as of June 7, 1985.

CSN is subject to the oversight of the Datainspektionen [The Swedish Data Protection Authority] and is by law required to provide annual written debt statements to its debtors. According to CSN, the agency fulfills its requirement by routinely sending out an annual statement by a mechanical routine [automated process] in January of each year to all debtors. The annual statement includes, among other things, the amount of the debt as of January 1 of the previous year, repayment amounts, interest during the year and the amount of the debt as of December 31 the same year.

An annual statement with the content that CSN presented constitutes the written reminder of the debt as described in paragraph 5 of the Limitations Act.

Given the statutory requirement for CSN to annually inform all of its debtors about their debts and with respect to the routine of sending annual statements described by CSN, the Court of Appeal does not see any reason to question that CSN, as the agency asserted, every year since a decision of debt repayment was made in 1980 has sent Christer Brandt annual statements to his [Swedish Population] registered address.

As for Christer Brandt's concerns, the foregoing means that CSN, between June 7, 1985 and June 7, 1995, has sent a total of ten annual statements to Christer Brandt's then current [Swedish Population] registered address and in addition that the agency thereafter sent annual statements to the current [Swedish Population] registered address. CSN has in addition inter alia sent separate demand mailings to Christer Brandt in November 1992 and May 1995.

CSN has stated that none of the envelopes containing annual statements or demands have been received in return.

Christer Brandt has not contested that he received the annual statements – or the noted demands – from CSN in any other way than objecting that the debt became barred by the statute of limitations since he "has not had any contact with CSN regarding this matter for several years" and that "no repayment demands were received 1999-2006".

In general, a high level of proof has been required of a creditor who claims a disruption of the statute of limitations through mailings. In the circumstance when one single mailing has been sent to the debtor has therefore not normally been accepted as sufficient proof that the debtor has received the mailing (see the above mentioned case NJA 1996 page 809). However, in this case, there are numerous mailings that have been sent annually to the debtor's [Swedish Population] registered address. The possibility that not at least one of them shall have reached Christer Brandt during the period June 7, 1985 and June 7, 1995 shall be considered insignificant and the same applies to time period thereafter (compare NJA 2007 page 157). Disruption of the statue of limitations for CSN's demand shall therefore be deemed to have occurred and there appear to be no impediment to the enforcement in question.

---

1. The Court of Appeal announces right of appeal.

2. By changing the District Court's decision, The Court of Appeal rules that there is no impediment to enforcement in case no. U-3766-07/1250.

**HOW TO APPEAL**
Decision 1 can not be appealed. Decision 2 can be appealed within three weeks from the day that the Court of Appeal's ruling is announced, i.e. no later than May 26, 2008

Instructions for appeal – see enclosure B.

[Signed]
Anna Graninger

Minutes presented April 30, 2008 / [Initial]

Referat 2008:03



HOVRÄTTEN ÖVER SKÅNE OCH BLEKINGE
Avdelning 1
Rotel 18

**PROTOKOLL**
2008-04-01
Föredragning i
Malmö (Beslut 2008-05-05)

Aktbilaga 11
Ärende nr ÖÄ 2441-07

**RÄTTEN**
Hovrättslagmannen Lars Göran Abelson, hovrättsrådet Jan E Ohlsson och t.f. hovrättsassessorn Anna Graninger (referent, tillika protokollförare)

**KLAGANDE**
Centrala Studiestödsnämnden (CSN)
851 82 Sundsvall

CSN HUVUDKONTORET
2008 -05- 06
DNR

Ombud:
Jur. kand. Anna-Karin Blom
Centrala Studiestödsnämnden, 851 82 Sundsvall

**MOTPART**
Ulf CHRISTER Brandt, 470419-3954
Docentgatan 14 C, 215 52 Malmö

**SAKEN**
Invändning mot verkställighet

**ÖVERKLAGAT AVGÖRANDE**
Malmö tingsrätts beslut 2007-10-08 i ärende Ä 6959-07, se bilaga A

---

Referenten anmäler: Centrala Studiestödsnämnden (CSN) har yrkat att hovrätten beslutar att hinder mot verkställighet i Kronofogdemyndighetens mål om utmätning nr U-3766-07/1250 inte föreligger. Christer Brandt har bestritt ändring.

Ärendet föredras, varefter hovrätten fattar följande

**BESLUT**

att meddelas den 5 maj 2008.

Enligt 5 § preskriptionslagen (1981:130) avbryts preskription bl.a. genom att gäldenären erhåller ett skriftligt krav eller en skriftlig erinran om fordringen från borgenären. Kravet eller erinringen ska ha kommit gäldenären till handa för att preskriptionsavbrott ska ha ägt rum. När ett krav eller en erinran skickas med brev är det borgenären som



| Postadress | Besöksadress | Telefon | Telefax | Expeditionstid |
|---|---|---|---|---|
| Box 846 | Malmöhusvägen | 040-35 57 00 | 040-783 11 | måndag – fredag |
| 201 80 Malmö | | E-post: hovratten.skaneblekinge@dom.se | | 09:30-12:00 |
| | | | | 13:00-15:00 |

H

står risken för att brevet inte kommer fram och det ankommer på borgenären att styrka att brevet nått gäldenären (se NJA 1996 s. 809).

Den aktuella fordran är fastställd av Malmö tingsrätt genom slutbevis den 15 februari 1983. För fordringen gäller tio års preskriptionstid. I ärendet är utrett att preskriptionsavbrott skett bl.a. år 1985 genom att CSN ansökt om verkställighet hos Kronofogdemyndigheten och Christer Brandt under målets handläggning där underrättats om detta och att ny preskriptionstid på grund härav ska räknas från den 7 juni 1985.

CSN står under Datainspektionens tillsyn och är enligt författning förpliktad att varje år lämna skriftliga skulduppgifter till sina låntagare. Enligt CSN fullgör myndigheten denna sin skyldighet genom att rutinmässigt i januari varje år via en maskinell rutin skicka årsbesked till alla låntagare. Av årsbeskedet framgår bl.a. skuldens storlek den 1 januari föregående år, inbetalda belopp, räntan under året och den utgående skulden den 31 december samma år.

Ett årsbesked med det innehåll som CSN redogjort för utgör en sådan skriftlig erinran om fordringen som avses i 5 § preskriptionslagen.

Mot bakgrund av den lagstadgade skyldigheten för CSN att varje år informera sina låntagare om deras skulder och med hänsyn till den rutin med utskick av årsbesked som CSN redogjort för, saknas enligt hovrättens mening anledning att ifrågasätta att CSN, som myndigheten hävdat, varje år sedan beslut om återkrav fattades år 1980 skickat årsbesked till Christer Brandt på dennes folkbokföringsadress.

För Christer Brandts vidkommande innebär det anförda att CSN under perioden mellan den 7 juni 1985 och den 7 juni 1995 skickat sammanlagt tio årsbesked till Christer Brandts vid varje tidpunkt aktuella folkbokföringsadress och vidare att myndigheten även under tiden därefter årligen sänt årsbesked till den aktuella folkbokföringsadressen. CSN har dessutom bl.a. i november 1992 och i maj 1995 sänt särskilda kravbrev till Christer Brandt.

CSN har hävdat att ingen av försändelserna innehållande årsbesked eller kravbrev kommit i retur.

H

Christer Brandt har inte bestritt att han mottagit årsbesked – eller de angivna kravbreven – från CSN på annat sätt än att han invänt att skulden är preskriberad eftersom han inte "haft någon kontakt med CSN i detta ärende på flera år" och då "inga återkrav är inkomna 1999-2006".

Ett högt beviskrav har i allmänhet ställts på en borgenär som gör gällande preskriptionsavbrott genom brev. Den omständigheten att det är utrett att ett enstaka brev avsänts till gäldenären har sålunda normalt inte godtagits som tillräcklig bevisning om att gäldenären också mottagit brevet (se det ovan nämnda rättsfallet NJA 1996 s. 809). I detta fall är det emellertid fråga om ett flertal försändelser som årligen skickats till gäldenärens folkbokföringsadress. Möjligheten att inte åtminstone någon av dem under perioden mellan den 7 juni 1985 och den 7 juni 1995 nått Christer Brandt får anses vara försumbar och detsamma gäller för perioden därefter (jfr NJA 2007 s. 157). Avbrott i preskription av CSN:s fordran ska därför anses ha skett och det föreligger därmed inte något hinder mot den verkställighet varom är fråga.

---

1. Hovrätten meddelar prövningstillstånd.

2. Med ändring av tingsrättens beslut förordnar hovrätten att det inte föreligger hinder mot verkställighet i mål nr U-3766-07/1250.

## HUR MAN ÖVERKLAGAR

Beslutet under 1 får inte överklagas. Beslutet under 2 får överklagas inom tre veckor från den dag då hovrättens beslut meddelades, dvs. senast den 26 maj 2008.

Anvisningar för överklagande, se bilaga B.

Anna Grasinger

Protokollet uppvisat 2008-04-30 / [illegible]

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the within action; my business address is 5020 Campus Drive, Newport Beach, CA 92660.

On September 11, 2015, I served a true copy of NOTICE OF INTENT TO RAISE ISSUES OF FOREIGN LAW (FED.R.CIV.P. 44.1)by personally delivering it to the person indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Elliott H. Stone, Esq.
THE STONE LAW FIRM PC
4570 Campus Drive
Newport Beach, CA 92660

I caused such envelope to be placed in the United States Mail at Newport Beach, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

Executed on September 11, 2015, at Newport Beach, California.

W. Ernest Mooney