ELLIOTT H. STONE (SBN 264569)
  ehstone@stonelawpc.com
**STONE LAW FIRM PC**
4570 Campus Drive
Newport Beach CA 92660
Tel: (949) 477-9100
Fax: (949) 477-9111

Attorneys for Defendant MARTIN CHRISTIAN MELIUS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| KINGDOM OF SWEDEN,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN CHRISTIAN MELIUS,<br><br>Defendant. | Case No.: 2:14-cv-04492-RSWL-E<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARTIN CHRISTIAN MELIUS'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This Court lacks subject matter jurisdiction to hear the claims of Plaintiff KINGDOM OF SWEDEN (hereinafter "Plaintiff") because said claims require this Court to enforce the revenue rules of a foreign government in violation of the *Revenue Rule* doctrine.

Further, Plaintiff fails to allege sufficient facts to state a claim for Breach of Contract, Common Count For Money Lent, and Common Count For Money Had And Received, against Defendant MARTIN CHRISTIAN MELIUS ("Mr. Melius" or "Defendant"). As explained in detail below, allegations in the Complaint are too vague, ambiguous, and conclusory to meet the federal pleading standard.

Notwithstanding, even if the Court did find these claims for relief properly plead, the

claims are time-barred by the applicable statute of limitations.

### A. Statement of Facts.

Plaintiff filed this action on June 11, 2014.

The Complaint alleges causes of action for Breach of Contract, Common Count For Money Lent, and Common Count For Money Had And Received, and seeks, compensatory damages in excess of $184,560.00, and continuing, in an amount according to proof, interest as provided by law, reasonable attorneys's fees, costs of the suit, and for such other and further relief as the Court deems just and proper. Plaintiff's Exhibit "A" and Exhibit "B" (hereinafter "Attachments") to the Complaint are referenced and relied upon in support of all of its causes of action, and provides the alleged facts which form the basis of this action. The Attachments do not specify which factual allegations are meant to support which causes of action. Regardless, the factual allegations in the Attachments are not sufficient to state a claim for Breach of Contract, Common Count For Money Lent, and Common Count For Money Had And Received.

This case is at issue, the motion cut-off date was September 25, 2015, and the pleadings are now closed. A jury trial is scheduled for January 5, 2016.

### B. Requested Relief.

Defendant requests judgment on the pleadings be entered in his favor and against Plaintiff, without leave to amend. Defendant further requests that he be deemed the prevailing party in this action.

### C. Basis For Relief.

Defendant seeks relief under FRCP 12(c), 12(b)(1), 12(b)(6), and 56.

The standard applied on a Rule 12(c) motion is the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. See *Fleming v. Pickard* (9th Cir. 2009) 581 F3d 922, 925; *Doe v. MySpace, Inc.* (5th Cir. 2008) 528 F3d 413, 418.

## II. JUDGMENT SHOULD BE ENTERED IN DEFENDANT'S FAVOR BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(b)(1)

### A. Legal Standard For a Rule 12(b)(1) Motion.

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Defects in subject matter jurisdiction are nonwaivable and may be raised at any time. *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Galvez v. Kuhn*, 933 F.2d 773, 775 n. 4 (9th Cir. 1991).

### B. The Revenue Rule.

In *Her Majesty Queen in Right of Province of British Columbia v. Gilbertson* 597 F.2d 1161, 1164-65 (9th Cir. 1979), the Ninth Circuit affirmed its recognition of the Revenue Rule, which holds, liabilities arising under the law of a foreign state will not be recognized by the courts of another. Quoting Lord Mansfield, the *Her Majesty Queen* Court stated:

> Lord Mansfield is generally credited as being the first to express the revenue rule. In 1775, while **deciding a contract action**, he said that ". . . no country ever takes notice of the revenue laws of another." *Holman v. Johnson*, 98 Eng.Rep. 1120, 1121 (1775). A few years later, Lord Mansfield had occasion to repeat the rule in another case where he said: "One nation does not take notice of the revenue laws of another." *Planche v. Fletcher*, 99 Eng.Rep. 164, 165 (1779).
>
> *Her Majesty Queen in Right of Province of British Columbia v. Gilbertson* 597 F.2d 1161, 1164 (9th Cir. 1979) [Emphasis Added]

"Even in the case of ordinary municipal liabilities, a court will not recognize those arising in a foreign state, if they run counter to the 'settled public policy' of its own." *Id.*

3

quoting *Moore v. Mitchell*, 30 F.2d 600, 604 (2d Cir. 1929) (L. Hand, J., concurring), Aff'd on other grounds, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673 (1930).

The *Her Majesty Queen* Court further stated that enforcement of foreign revenue laws, "…would have the effect of furthering the governmental interests of a foreign country, something which our courts customarily refuse to do." *Id.* at 1165 and Fn5, *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 448, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (White, J., dissenting).

Accordingly, under the holding in *Her Majesty Queen*, this Court is forbidden from taking notice, recognizing, or enforcing the revenue laws of another country, whether such laws arise out of contract, tax, or otherwise. See *Holman*, above.

### C. General Test For Application Of The Revenue Rule.

The general test in the application of the revenue rule begins with a determination of whether the judgment sought is remedial. If the benefits of the judgment sought accrues to private individuals, then the judgment is not remedial and thus not subject to the revenue rule. *Ronald A. Brand, FEDERAL JUDICIAL CENTER INTERNATIONAL LITIGATION GUIDE: Recognition And Enforcement Of Foreign Judgments*, 74 U. Pitt. L. Rev. 490, 508 (2013).

Here, the benefits of the judgment sought in this litigation would accrue not to private individuals, but rather to a foreign government. Thus, judgment sought here is remedial in nature since it would accrue to the Kingdom of Sweden. Accordingly, the revenue rule applies.

### D. Plaintiff's Claims Arise Out Swedish Revenue Rules.

Here, the Complaint alleges Defendant, "submitted written applications for student aid to CSN [purportedly the public agency of the Swedish government responsible for administering the national entitlement of student aid]." [Complaint Page 2, Lines 17-18]. Attached to the Complaint as Exhibit A is the purported application Defendant used to apply for these Swedish public benefits back in 1985 (no other applications for any other year is attached to the Complaint).

The Complaint further alleges, "As part of his applications for student aid, Melius agreed to repay all student loans which he received in accordance with, and to otherwise be bound by, the Repayment Regulations for Student Loans promulgated by CSN (hereinafter, the 'Repayment Regulations'). [Complaint Page 2, Lines 22-24]. Attached to the Complaint as Exhibit B are the purported Swedish regulations related to student aid repayment.

As explained in more detail below, the Complaint fails to allege a contract, and the Attachments to the Complaint are clearly not contracts at all, but rather reprints of Swedish revenue regulations. In reality, the Complaint alleges Defendant incurred a municipal liability from the Swedish government and then purportedly did not pay it back in accordance with the revenue rules of the country of Sweden. For evidence of this one need look no further than Exhibit B to the Complaint which is entitled, "Repayment Regulations."

### E. The Revenue Rule Bars Plaintiff's Claims.

Pursuant to the holding in *Holman*, *Planche*, and *Moore*, as affirmed by the Ninth Circuit in *Her Majesty Queen,* and the United States Supreme Court in *Banco Nacional*, this Court lacks subject matter jurisdiction, because Plaintiff's claims are not based on a contract at all, but rather on the enforcement of Swedish revenue laws.

### III. JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN DEFENDANT'S FAVOR BECAUSE PLAINTIFF'S CLAIMS ARE FATALLY FLAWED PURSUANT TO FRCP 12(b)(6)

#### A. Standard For Dismissal On Rule 12(b)(6) Motion.

In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.* (9th Cir. 2011) 637 F3d 1047, 1054, fn. 4—"Rule 12(c) is 'functionally identical' to Rule 12(b)(6)"; *Erickson v. Boston Scientific Corp.* (CD CA 2011) 846 F.Supp.2d 1085, 1089 (citing text); *Ross v. U.S. Bank Nat'l Ass'n* (ND CA 2008) 542 F.Supp.2d 1014, 1023 (citing text).

This includes the *Twombly/Iqbal* "plausibility" standard. *Chavez v. United States* (9th Cir. 2012) 683 F3d 1102, 1108-1109; *L-7Designs, Inc. v. Old Navy, LLC* (2nd Cir. 2011) 647 F3d 419, 429-439. Failure to plead with particularity as required by Rule 9(b) can be challenged by a Rule 12(c) motion. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems,*

*Inc.*, supra, 637 F3d at 1054-1055. A motion to dismiss should be granted if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

In *Ashcroft v. Iqbal*, the Supreme Court held "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of elements of a cause of action'" or one that "tenders 'naked assertions' devoid of 'further factual enhancement'" will not suffice. (*Iqbal*, 129 S.Ct. 1937, at 1949, 173 L. Ed. 2d 868 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 US. 544, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Instead, plaintiff must plead factual allegations that "nudge their claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 US. at 570.

Moreover, the "tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to an assumption of truth." *Id.*

### B. Plaintiff's Breach of Contract Claim Fails Pursuant to FRCP 12(b)(6).

A cause of action for breach of contract requires (1) pleading of a contract, (2) plaintiffs performance or excuse for failure to perform, (3) defendant's breach, and (4) damages to plaintiff resulting from the breach. *Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 2010 WL 1529329 (4th Dist. 2010).

"A plaintiff who sues on a written contract is not required to attach a copy of the contract to the complaint, but its existence and how it was breached must be identified." *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, CV 05-0917 (CW), 2005 U.S. Dist. LEXIS

1  44893, 2005 WL 1712008, at *5-6 (N.D. Cal. July 21, 2005).  A Plaintiff must be able to
2  identify the specific provision of the contract allegedly breached by the defendant.
3  *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 281 (Cal. Ct. App.
4  2005).

5       Here, Plaintiff fails to allege facts to support the threshold element of the existence of
6  a contract and the terms thereof. While Plaintiff claims breach of a written contract
7  [Complaint, Page 3, Para 8], there are no facts, just legal conclusions, alleging the actual
8  terms of the contract.  Further, while the Complaint claims at Paragraph 7, "[t]hereafter, and
9  pursuant to the terms of the contract…." the Complaint never sets forth the "terms" of the
10 purported contract− the Complaint merely claims Mr. Melius applied for student aid.   In the
11 absence of facts setting forth the terms of the contract, Defendant cannot ascertain what his
12 expected performance was and defend against a claim for breach of such performance.

13      The only allegation Plaintiff makes with respect to contract formation is the overly
14 conclusory statement, "Pursuant to the terms of the Applications For Student Aid and the
15 Repayment Regulations, CSN agreed to make certain student loans to Melius, and a
16 contractual relationship [but notice no allegation of actually entering into a contract, just a
17 contractual relationship] was thereby formed and existed between CSN and Melius
18 (hereinafter, the "contract")."  (Complaint Page 3, Lines 1-3.) Such statements of legal
19 conclusion do litter to tell Defendant, or this Court, what specific contract Plaintiff is
20 referring to, nor does the Complaint set forth what terms were breached.   Plaintiff's
21 allegations are vague and ambiguous as to whether one contract was made, or several, or
22 how much money was borrowed under the contract(s) claimed.

23      The Attachments to the Complaint fail to provide this information either.  The court
24 may disregard allegations in the complaint if contradicted by facts established by reference
25 to documents attached as exhibits to the complaint. *Thompson v. Illinois Dept. of Prof. Reg.*
26 (7th Cir. 2002) 300 F3d 750, 754—when contradiction exists, "the exhibit trumps the
27 allegations" (emphasis in original); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*
28 (5th Cir. 2004) 355 F3d 370, 377; *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266

STONE LAW FIRM PC

F3d 979, 988.

Here, Exhibit A to the complaint, the only document purporting to bear a signature, simply shows Mr. Melius requested both "loans" and "grants" but fails to mention an amount borrowed, an interest rate, or any repayment terms. Further Exhibit A which covers a single semester in 1995, contradicts the Complaint's allegation that Defendant applies for student, "Beginning in or about January of 1990." The attachment shows only a single semester in 1995, and nothing else.

Exhibit B contradicts the Complaint because the Complaint claims Defendant agreed to certain terms, however, there is no suggestion Defendant ever signed Exhibit B. Further, the remedies sought in the Complaint appear nowhere in Exhibit A or Exhibit B to the Complaint.

Most confusing, or vague, is the fact the Complaint contains a single purported application for the June 9, 1995 - September 15, 1995 semester at UCLA, (Complaint Page 7, Exhibit A) and as a result, the Complaint alleges Sweden's damages arising therefrom total of $184,560.00. It is just not plausible that Sweden made a loan to Defendant in the amount of $184,560.00 to attend a single semester at UCLA back in 1995.

Since Plaintiff fails to state a cause of action for Breach of Contract against Mr. Melius, he is entitled to judgment on the pleadings in his favor.

### C. Plaintiff's Claims Are Time-Barred Under The Applicable Statute Of Limitations.

Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. *Frame v. City of Arlington* (5th Cir. 2011) 657 F3d 215, 239-240; *Von Saher v. Norton Simon Museum of Art at Pasadena* (9th Cir. 2010) 592 F3d 954, 969.

California's statute of limitations for a written contract is four years. Cal. Civ. Code§ 337. For an oral contract, the statute of limitations is two years. Cal. Civ. Code§ 337. Generally, a cause of action for breach of contract "accrues at the time of the breach" and the

statute begins to run "regardless of whether any damage is apparent or whether the injured party is aware of their right to sue." *Perez-Encinas v. Amerus Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006).

Assuming, *arguendo*, a contract did exist between Plaintiff and Defendant Melius, the fact there is no written memorandum memorializing the essential terms of the contract (as explained above), the contract sued upon, if one exists at all, was an oral contract. Accordingly, the statute of limitations applicable to Plaintiff's first claim for relief for breach of contract, is two (2) years.

According to the Complaint, Defendant was purportedly required to commence repayment, "not later than one year after he no longer received student aid from CSN." Accordingly to the averments in the Complaint, Defendant took loans, "Beginning in or about January 1990, and for several years thereafter." [Complaint Para 5]. Viewing this statement in a light most favorable to Plaintiff, this meant Defendant stopped taking loans "several years" after 1990. Here, the Complaint is again vague, looking to Exhibit A, it appears there was but a single loan in 1995. Under the holding in *Sprewell*, the exhibit trumps the Complaint where a conflict exists between the two. As such, repayment was to begin one-year after the last loan (shown in Exhibit A) was made in 1995.

Accordingly, to the extent the purported contract was oral, the cause of action accrued two years after 1995, or in 1997. To the extent the contract was written, the statute ran four years after 1995, or in 1999 (some 14 years *before* Plaintiff filed this action). Because the face of the Complaint shows Plaintiff filed this action anywhere from 12 to 14 years *after* the expiration of the applicable statute of limitations, the cause of action fails to state a claim for Breach of Contract. As such, Defendant is entitled to judgment on the pleadings in his favor.

### D. The Common Count Claims Fail With the Breach Of Contract Claim.

Under California law, "[a] common count is not a specific cause of action, rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness." *McBride v. Boughton*, (2004) 123 Cal. App. 4th 379, 394 (20 Cal.

Rptr. 3d 115). "California courts [have] held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed." *In re Apple In-App Purchase Litig.* (2012) 855 F. Supp. 2d 1030, 1042 (N.D. Cal.) (citing *McBride*, 123 Cal. App. 4th at 394-95).

Here, the second claim for relief for Common Count For Money Lent, and the third claim for relief for Common Count For Money Had And Received, are based on the same facts, and seek the same recovery as demanded in, the first claim for relief for Breach Of Contract.

Accordingly, if the Court enters judgment on the pleadings as to the first claim for relief for Breach Of Contract, the Court must also grant summary judgment as to the second and third claims for relief as a matter of law.

**IV. CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion for judgment on the pleadings without leave to amend.

Respectfully Submitted,

Dated: September 25, 2015  STONE LAW FIRM PC

By: _____/s/ Elliott H. Stone_____
Attorney for Defendant MARTIN CHRISTIAN MELIUS