1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   KINGDOM OF SWEDEN,           )   CV 14-04492 RSWL (Ex)
                                   )
13                 Plaintiff,      )   **ORDER re: DEFENDANT'S**
                                   )   **MOTION FOR JUDGMENT ON**
14        v.                       )   **THE PLEADINGS** [37]
                                   )
15   MARTIN CHRISTIAN MELIUS,      )
                                   )
16                                 )
                   Defendant.      )
17                                 )
                                   )
18                                 )
                                   )
19   _____)

20        Currently before the Court is Defendant Martin

21   Christian Melius' ("Defendant") Motion for Judgment on

22   the Pleadings [37], filed September 25, 2015.

23   Plaintiff Kingdom of Sweden ("Plaintiff") filed this

24   Action on behalf of The Swedish Board for Study Support

25   ("CSN"), against Defendant for: (1) Breach of Contract;

26   (2) Common Count For Money Lent; and (3) Common Count

27   For Money Had And Received [1].  Plaintiff is seeking

28   to collect amounts owed in unpaid student loans made by

                                  1

CSN to Defendant.   For the reasons discussed below,
this Court **DENIES** Defendant's Motion for Judgment on
the Pleadings [37].

## I.   BACKGROUND

### A.   <u>Factual Background</u>

On or about January 1990, Defendant submitted an
application for student financial aid ("Application for
Student Aid") to CSN.   Compl. 2:17-19 [1]; <u>See</u> Compl.,
Ex. A.   As part of the application process, Defendant
allegedly agreed to "repay all student loans which he
received in accordance with, and to otherwise be bound
by, the Repayment Regulations for Student Loans"
("Repayment Regulations") set forth by CSN.   <u>Id</u>. at
2:21-24; <u>See</u> Compl., Ex. B.   Pursuant to the terms of
the Application for Student Aid and the Repayment
Regulations, CSN agreed to make certain student loans
to Defendant, which Defendant agreed to repay "no later
than one year after he no longer received student aid
from CSN."   <u>Id.</u> at 3:1-5.   A contractual relationship
was thereby formed between CSN and Defendant.   <u>Id.</u>

Pursuant to the terms of the contract, CSN made
several student loans to Defendant in the aggregate
amount of 617,677 Swedish Crowns, or $95,027.23 U.S.
Dollars.   <u>Id.</u> at 3:6-9.   Plaintiff contends that
Defendant breached the terms of their contract by
repaying only 108,000 Swedish Crowns ($16,615.38 U.S.
Dollars), leaving 1,199,640 Swedish Crowns ($184,560.00
U.S. Dollars) unpaid.   <u>Id</u>. at 3:10-14.

**B.  Procedural Background**

Plaintiff filed its Complaint [1] on June 11, 2014 [1], seeking $184,560.00 in compensatory damages, interest as provided by law, reasonable attorneys' fees, and costs of suit.  Id. at 4:12-16.

On September 25, 2015, Defendant filed a Motion for Judgment on the Pleadings [37], alleging that (1) this Court lacks subject matter jurisdiction, (2) Plaintiff fails to state a claim for breach of contract, (3) the breach of contract claim is time-barred, and (4) since the breach of contract claim should fail, so too should the common count claims.  Mot. 1:19-2:1, 9:25-10:12. On October 6, 2015, Plaintiff filed its Opposition to Defendant's Motion for Judgment on the Pleadings [39]. A hearing for this Motion was scheduled for October 27, 2015.  This Motion was taken under submission on October 22, 2015.

## II.  DISCUSSION

**A.  Legal Standards**

    1.  Local Rule 7-3

Local Rule 7-3 provides that before any motion is filed, counsel for the moving party must "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  L.R. 7-3.  The Rule further provides that "[t]he conference shall take place at least seven (7) days prior to the filing of the motion."  Id.

2.   <u>Federal Rule of Civil Procedure 12(c)</u>

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings must be timely.[1]

"Judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law," <u>Knappenberger v. City of Phx.</u>, 566 F.3d 936, 939 (9th Cir. 2009) (quoting <u>Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co.</u>, 50 F.3d 1486, 1488 (9th Cir. 1995)), as "there is no issue of material fact in dispute." <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009).

On a Rule 12(c) motion, the court must accept as true all the material facts alleged in the complaint and must draw all reasonable inferences in favor of the non-moving party.  <u>Id.</u>  The Ninth Circuit has evaluated motions for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss.  <u>Dworkin v. Hustler Magazine Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989).  Thus, when ruling on a motion for judgment on the pleadings, a court may consider the pleadings,

---

[1]If a party engages in excessive delay before filing a motion, the court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial.  <u>Wright & Miller, Federal Practice and Procedure</u>: Civil 3d § 1367.

documents attached to the pleadings, documents
incorporated by reference in the pleadings, and matters
of judicial notice.  United States v. Ritchie, 342 F.3d
903, 907-08 (9th Cir. 2003).

   3.  Federal Rule of Civil Procedure 8(a)(2)

   Federal Rule of Civil Procedure 8(a)(2) states that
a federal pleading need only consist of "a short and
plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
claim need only be "stated with sufficient
particularity to 'give the defendant fair notice of
what the ... claim is and the grounds upon which it
rests.'"  ExxonMobil Oil Corp. v. Gasprom, Inc., No.
10-55610, 2011 WL 6396415, at * 1 (9th Cir. 2011)
(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

   4.  Federal Rule of Civil Procedure 12(b)(1)

   Under Federal Rule of Civil Procedure 12(b)(1), a
complaint must be dismissed if the court lacks subject
matter jurisdiction to adjudicate the claims.  Fed. R.
Civ. P. 12(b)(1).  Defects in subject matter
jurisdiction are not waivable and may be raised at any
time.  Detabali v. St. Luke's Hosp., 482 F.3d 1199,
1202 (9th Cir. 2007) (citing Ins. Corp. Of Ireland,
Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694,
702 (1982)).  For a court to exercise subject matter
jurisdiction over an action, the Plaintiff must
establish: "a (1) legally recognized injury, (2) caused
by the named defendant, that is (3) capable of legal or

equitable redress" by the court.  <u>Schmier v. U.S. Court</u>
<u>of Appeals for Ninth Circuit</u>, 279 F.3d 817, 821 (9th
Cir. 2002).

**B.**   **<u>Analysis</u>**

    1.   <u>Defendant's Motion is Denied Because There Was</u>
         <u>No Conference of Counsel Under Local Rule 7-3.</u>

    Notably, Local Rule 7-3 requires that the parties
discuss "*thoroughly* ...the *substance*" of the issues
contained in the Motion.  <u>Id.</u> (emphasis added).  A
district court may, in its discretion, refuse to
consider a motion when Rule 7-3 is violated.  <u>See</u> <u>Reed</u>
<u>v. Sandstone Properties, L.P.</u>, No. CV 12-05021 MMM
(VBKx), 2013 WL 1344912, at *6 (C.D. Cal. April 2,
2013).

    Defendant filed the present Motion for Judgment on
the Pleadings on September 25, 2015 [37].  Plaintiff
notes in its Opposition that "[t]he only conference of
counsel which can even arguably be traced to the
instant Motion took place on February 4, 2015, over
<u>seven and one-half months</u> before the Motion was filed."
Opp'n 4:10-11.  Upon review of the Declaration of W.
Ernest Mooney in Opposition to Motion for Judgment on
the Pleadings ("Mooney Declaration")[39-1], this Court
finds that the most recent conference between the
parties took place on February 4, 2015, which was in
fact seven and one-half months prior to the filing of
the present Motion.  Mooney Decl. ¶ 2.  In this
conference, the parties discussed the issue of the

applicable statute of limitations, but did not raise
the remaining issues in the present Motion.  Id. at ¶
3.  Accordingly, the parties could not have discussed
any potential resolution of the remaining issues.

As such, the parties' conference did not
sufficiently address the substance of the present
Motion.  Further, although the parties did in fact meet
"at least seven (7) days prior to the filing of the
[M]otion," Defendant confounds the purpose of the Rule
by holding the conference of counsel seven and one-half
months prior to the filing of his Motion, at a time
where many of the issues were undeveloped and, as such,
not discussed.  Accordingly, Defendant's Motion for
Judgment on the Pleadings [37] is **DENIED** on these
grounds.  Nonetheless, this Court elects to consider
the Motion on its merits.

2.  <u>Alternatively, Defendant's Motion is Denied on
the Merits.</u>

a.  *This Court has subject matter jurisdiction
over Plaintiff's claims because the
"Revenue Rule" is inapplicable.*

Defendant argues that this Court lacks subject
matter jurisdiction over Plaintiff's claims because the
action is not an action on a contract, but rather an
action to recover a municipal liability from the
Swedish government.  Mot. 4:23-5:16.  Defendant
contends that, in applying the Revenue Rule, the
district court does not have subject matter

1    jurisdiction to hear the matter.    Id.

2        Defendant misconstrues the applicability of the

3    Revenue Rule in his Motion.   "[T]he revenue rule merely

4    provides that the courts of one jurisdiction do not

5    recognize the revenue laws of another jurisdiction."

6    Her Majesty the Queen in Right of the Province of

7    British Columbia v. Gilbertson, 597 F.2d 1161, 1163

8    (9th Cir. 1979).   This means, as the Ninth Circuit

9    discussed in Her Majesty, that the common law Revenue

10   Rule "prevents a foreign jurisdiction from either

11   instituting a suit to recover taxes, or bringing a suit

12   to enforce its own court's judgment for taxes."    Id. at

13   1163 n.1.   The Revenue Rule does not, however, prohibit

14   a foreign sovereign from bringing a claim for loan

15   repayment, but rather is a discretionary rule that

16   allows federal courts to decline to apply the tax law

17   of foreign sovereigns.[2]   The Supreme Court has noted:

18   the "principal evil against which the revenue rule was

19   traditionally thought to guard [is] judicial evaluation

20

21

22

23        [2]See Pasquantino v. United States, 544 U.S. 349, 352
24   (2005)("At common law, the revenue rule generally barred courts
     from enforcing the tax laws of foreign sovereigns."); Banco
     Nacional de Cuba v. Sabbatino, 376 U.S. 398, 448 (1964)(White,
25   J., dissenting); United States v. Trapilo, 130 F.3d 547, 550 (2d
     Cir. 1997), cert denied, 525 U.S. 812 (1998)("courts will
26   normally not enforce foreign tax judgments."); European Cmty. v.
     RJR Nabisco, Inc., 150 F.Supp.2d 456, 476 (E.D.N.Y. 2001)
27   (concluding that the Revenue Rule did not preclude exercise of
28   subject matter jurisdiction over suits because "'[t]he revenue
     rule is discretionary rather than jurisdictional.'")

of the policy-laden enactments of other sovereigns."[3] Pasquantino, 544 U.S. at 368. Thus, the spirit of the Revenue Rule is not to prevent foreign governments from bringing debt collection actions in United States district courts, but rather to allow district courts to refuse to enforce the revenue laws of foreign sovereigns, out of concern for comity.

In the present action, CSN is seeking repayment of a student loan that Plaintiff alleges was memorialized in Defendant's Applications For Student Aid and the Repayment Regulations for Student Loans promulgated by CSN. Compl. ¶ 5; see Compl. Ex. A, Ex. B. This Court finds that the present Action is not, as Defendant contends, an action to recover Swedish revenue within the meaning of the Revenue Rule. Rather, the present Action is predicated on sufficiently plausible claims of the breach of a valid contract between CSN and Defendant. Accordingly, this Court finds that it has subject matter jurisdiction over the Action.[4] This Court **DENIES** Defendant's Motion for Judgment on the

---

[3]See also City of Phila v. Cohen, 11 N.Y.2d 401, 406 (1962)(noting comity concerns and concluding that to act as "collectors of taxes for another State...would be an intrusion into the public affairs of another State").

[4]Additionally, this Court should find that, upon review of Plaintiff's Complaint, Plaintiff has established "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress," as is required for this Court to exercise subject matter jurisdiction. Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002).

Pleadings [37] on the grounds of lack of subject matter jurisdiction.

> b. *Plaintiff states cognizable claims in its Complaint.*
>
> > i. *Plaintiff plausibly alleges a breach of contract claim.*

To state a plausible claim for breach of contract under California law, a plaintiff must allege "(1) the existence of a contract; (2) that he has performed or that his nonperformance is excused; (3) defendant's breach of the contract; and (4) damages resulting from the breach." <u>Greenwich Ins. Co. v. Rodgers</u>, 729 F. Supp. 2d 1158, 1163 (C.D. Cal. July 23, 2010) (citing <u>Troyk v. Farmers Group, Inc.</u>, 90 Cal.Rptr.3d 589 (2009)). A plaintiff must be able to identify the provision of the contract breached by the defendant. <u>Progressive West Ins. Co. v. Superior Court</u>, 37 Cal.Rptr.3d 434, 449 (Cal. Ct. App. 2005).

In Plaintiff's Complaint, Plaintiff alleges that "beginning in or about January 1990, and for several years thereafter, [Defendant] submitted written Applications for Student Aid to CSN." <u>Compl.</u> ¶ 5; <u>see</u> Compl., Ex. A. Plaintiff alleges that "as part of his Applications for Student Aid, [Defendant] agreed to repay all student loans which he received in accordance with, and to otherwise be bound by, the Repayment Regulations for Student Loans promulgated by CSN." <u>Id.</u>; <u>see</u> Compl., Ex. B. Plaintiff then alleges that,

pursuant to these agreements, "CSN agreed to make certain student loans to [Defendant] and that a contractual relationship was thereby formed...between CSN and [Defendant]." <u>Id.</u> at ¶ 6.  Upon review of these allegations, this Court finds that Plaintiff has plausibly alleged the first element of its breach of contract claim, the existence of a contract, as required by Fed. R. Civ. P. 8(a)(2).

This Court further finds that Plaintiff plausibly alleges the remaining elements of a breach of contract claim.  Plaintiff alleges that he performed on the contract, specifically, that "pursuant to the terms of the contract, CSN made several student loans to [Defendant] in the aggregate amount of 617,677 Swedish Crowns, the equivalent in U.S. dollars of $95,027.23." <u>Id.</u> at ¶ 7.  Plaintiff then alleges that "[Defendant] breached the terms of the contract by repaying only 108,000 Swedish Crowns to CSN, the equivalent in U.S. dollars of $16,615.38." <u>Id.</u> at ¶ 8.  Finally, Plaintiff alleges damages: "As a result of the foregoing, CSN has sustained damages in the current amount of $184,560.00, on which interest and administrative fees continue to accrue." <u>Id.</u> at ¶ 9.

Plaintiff need not lay out the terms of the alleged agreement in its Complaint.  Plaintiff need only plead a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the ... claim is and the grounds upon

11

which it rests." <u>Conley</u>, 355 U.S. at 47.  Further, "when a number of writings dovetail so as to show a meeting of the minds for the accomplishment of the same object, the contract is as well established as though it had been signed by all parties and executed with conventional formalities." <u>Twining v. Thompson</u>, 156 P.2d 29, 33 (Cal. 1945).

Upon review of the Complaint, this Court finds that Plaintiff did, in fact, provide sufficient factual support for its allegations that a contract was created between the parties and subsequently breached.  Based on the foregoing, this Court **DENIES** Defendant's Motion for Judgment on the Pleadings [37] as to this claim.

> *ii.  Plaintiff plausibly alleges claims for*
> *common count for money lent and common*
> *count for money had and received.*

Common count claims are "based on express or implied promises to pay money." <u>Moya v. Northrup</u>, 10 Cal.App.3d 276, 281 (1970).  To plausibly plead a common count claim, the plaintiff must allege "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." <u>Farmers Ins. Exch. v. Zerin</u>, 53 Cal. App. 4th 445, 460 (1997) (citations omitted).  A common count claim is "proper whenever the plaintiff claims a sum of money due." <u>Kawasho Int'l, USA v. Lakewood Pipe Serv.</u>, 152 Cal.App.3d 785, 793 (1983).

Defendant argues that Plaintiff's common count

claims fail because "[u]nder California law, '[a] common count is not a specific cause of action....'" Mot. 9:25-28 (quoting <u>McBride v. Boughton</u>, 123 Cal. App. 4th 379, 394 (2004)).  Defendant contends: "'California courts [have] held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed.'"  <u>Id.</u> at 10:1-15 (quoting <u>In re Apply In-App Puchase Litig.</u>, 855 F.Supp.2d 1030, 1042 (N.D. Cal. Mar. 31, 2012)). Defendant argues that Plaintiff's breach of contract claim should be dismissed, and thus pursuant to California law, so should Plaintiff's common count claims.

     As discussed above, the Court finds that Plaintiff plausibly alleges its breach of contract claim. Accordingly, Plaintiff's common count claims are not dismissed as per the aforementioned rule in <u>In re Apply In-App Purchase Litig.</u>.  Further, Plaintiff plausibly alleges the requisite elements for both common count claims.  Plaintiff alleges a statement of indebtedness in a certain sum, specifically that Defendant owes CSN "the sum of $184,560.00, together with the interest and administrative fees thereon."  Compl. ¶¶ 12, 14. Plaintiff alleges consideration, specifically the student loans provided to Defendant pursuant to the Applications for Student Aid and the Repayment

13

Regulations. _Id._ at ¶ 7. Finally, Plaintiff alleges nonpayment, specifically that Defendant has only paid $16,615.38 in U.S. Dollars, and thus still owes CSN $184,560.00 in U.S. Dollars. _Id._ at ¶ 8. Upon consideration of the Complaint, this Court **DENIES** Defendant's Motion for Judgment on the Pleadings [37] as to these claims.

> iii. *Defendant has not sufficiently shown that Plaintiff's claims are time-barred.*

Defendant argues that, even if this Court finds Plaintiff's claims are properly plead, the claims are time-barred by the applicable California statute of limitations, and thus the Complaint fails to plausibly state a claim. Mot. 1:28-2; 8:20-24. This Court finds that the Swedish statute of limitations applies to this action. Accordingly, Defendant's Motion for Judgment on the Pleadings on the grounds that Plaintiff's claims are time-barred is **DENIED**.

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589 (9th Cir. 2012)(quoting Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1887 (9th Cir. 2001)). Since this Action was brought in California, this Court will apply California's choice of law rules to determine whether California or Swedish law applies to the statute of limitations

14

1   issue. In California, the governmental interest test

2   determines which statute of limitations applies.  See

3   McCann v. Foster Wheeler LLC, 225 P.3d 516, 527 (Cal.

4   2010); see also Nelson v. International Paint Co., 716

5   F.2d 640, 644 (9th Cir. 1983).  The governmental

6   interest test involves a three-step analysis to

7   determine the applicable law.[5]  "Under California law,

8   the burden is on the proponent of a foreign law to show

9   that the foreign jurisdiction's interest in having its

10  law apply is greater than California's interest in the

11  application of its laws."  Karoun Dairies, Inc. v.

12  Karlacti, Inc., No. 08cv1521 AJB (WVG), 2014 WL

13  3340917, at *11 (S.D. Cal. July 8, 2014).

14      As to the first prong of the governmental interest

15  test, this Court finds that it is clear that California

16  and Swedish law differ on the applicable statute of

17  limitations.  California law applies a two-year statute

18  of limitations to actions on an oral contract and a

19  four-year statute of limitations to a written contract.

20  ────────────────

21  [5]The governmental interest test requires that a court (1)
    determine "whether the relevant law of each of the potentially

22  affected jurisdictions with regard to the particular issue in
    question is the same or different"; (2) if there is a difference,

23  the court must "examine[] each jurisdiction's interest in the
    application of its own law under the circumstances of the

24  particular case to determine whether a true conflict exists"; and
    (3) if there is a true conflict, the court must "carefully

25  evaluate[] and compare[] the nature and strength of each
    jurisdiction in the application of its own law 'to determine

26  which state's interest would be more impaired if its policy were
    subordinated to the policy of the other state' and then

27  ultimately appl[y] 'the law of the state whose interest would be
    more impaired if its law were not applied.'" McCann, 225 P.3d at

28  527.

                                15

1  See Cal Civ. Code §§ 337, 339(1).   Swedish law imposes

2  a much longer statute of limitations.[6]

3      As to the second prong, this Court finds that both

4  California and Sweden have legitimate interests in the

5  application of their respective statute of limitations.

6  California has an important interest in protecting its

7  residents from "stale" litigation raised by foreign

8  parties that have not been diligent in pursuing their

9  claims.[7]  On the other hand, Sweden has an important

10 interest in applying its statute of limitations to

11 student loan collection actions.   A longer statute of

12 limitations period ensures that Sweden can feasibly

13 collect on loans given to students abroad, and as such

14

15      [6]In its Notice of Intent to Raise Foreign Issues of Law

16 [34], Plaintiff summarized, and evidenced through accompanying
   exhibits, the applicable Swedish statute of limitations in

17 student loan collection actions.  Pursuant to Swedish law, there
   is a 25-year statute of limitations for claims for repayment of

18 student loans, unless the claim was time barred prior to July 1,
   2011.  SFS 1999:1395; See  Pl.'s Not. Of Intent, Ex. D.  Prior to

19 July 1, 2011, a claim is time barred 10 years after it is made,
   unless the statute of limitation is interrupted before the ten

20 years expire.  SFS 1981:130, § 2; See Pl.'s Not. of Intent, Ex.
   B.  "The statute of limitations is disrupted in the event (1) the

21 borrower undertakes payment, pays interest or principal or
   acknowledges the debt in another manner to the creditor, [or] (2)

22 the debtor receives a written demand or a written reminder from
   the creditor regarding the claim...."  Id. at § 5; See Pl.'s Not.

23 of Intent, Ex. B.  "If the statute of limitations has been
   disrupted through acknowledgment, demand or reminder, a new

24 statute of limitations takes effect on the day of disruption
   according to § 2."  Id. at § 6.

25

26      [7]See Nelson v. Int'l Paint Co., 716 F.2d 640, 644 (9th Cir.

27 1983)(California's statute of limitations is applied to protect
   "residents and courts from the burdens associated with the

28 prosecution of stale cases in which memories have faded and
   evidence has been lost.").

allows Sweden to continue to provide their citizens
financial support for higher education.  Accordingly,
both California and Sweden have strong interests in
applying their respective statutes of limitations to
the present Action.  This Court finds that a true
conflict exists between the applicable California and
Swedish statutes, and accordingly, will determine under
the third prong whose interest would be more impaired
if its law were not applied.

As to the third prong, it is Plaintiff's burden to
show that Sweden's interests are greater than that of
California.  Karoun, 2014 WL 3340917, at *11.  In
support of this proposition, Plaintiff directs the
Court's attention to the 2010 "Proposal by the
Government" ("Proposal") to extend the repayment time
for student loans, attached as Exhibit C to its Notice
of Intent to Raise Issues of Foreign Law.[8]  Opp'n 15:17-
21; See Pl.'s Not. Of Intent, Ex. C.

This Court finds that upon consideration of the
rationale put forth in the Proposal,[9] Plaintiff has

---

[8]Plaintiff further notes that Sweden's interests will be
outlined by testimony of representatives at trial, but at this
juncture, such testimony is "beyond the scope of appropriate
consideration in resolving a motion for judgment on the
pleadings."  Id. at 15:11-15.

[9]See Pl.'s Not. Of Intent, Ex. C § 6.4.3 ("CSN believes that
an extended statute of limitations period would be of great
benefit to the authority in the repayment process."); see also
Pl.'s Not. Of Intent, Ex. C § 6.4.2 (According to estimates from
CSN, more than 10,000 loans were at risk of being statute-barred
after ten years, for a total debt value of 1 billion Swedish
crowns.).

sufficiently shown this Court, at this juncture and for the purposes of considering Defendant's Motion for Judgment on the Pleadings only, that Sweden has a stronger interest in applying its statute of limitations to this Action than California. If the Court were to apply California's statute of limitations to the present Action, Sweden's interests would be significantly impaired as they would be precluded from collecting on their debts and thus their ability to provide financial aid in the future could be injured. On the other hand, it is not apparent that California's interests would be significantly impaired. Although Defendant is a California resident and received his education in California, <u>see</u> Compl., Ex. A, he was provided loans by a Swedish organization that were explicitly subject to Swedish Repayment Regulations. Compl. ¶¶ 2, 5; <u>see</u> Compl. Ex. A.

Upon consideration of the three factors of the governmental interest test, this Court applies the Swedish statute of limitations to the present Action. Further, Defendant made no showing in his Motion that Plaintiff's claims are time barred under Swedish law. In fact, Defendant did not even raise the issue of whether the claims would be time-barred under Swedish law. Accordingly, this Court finds that (1) Swedish law applies to the statute of limitations issue in the present Action, and for purposes of Defendant's Motion for Judgment on the Pleadings, (2) Defendant has not

met its burden in showing this Court that Plaintiff's claims are time-barred by the Swedish statute.  Whether Plaintiff's claims are time-barred by the Swedish statute is a material fact that remains in dispute, and thus Defendant is not entitled to judgment as a matter of law.  Accordingly, this Court **DENIES** Defendant's Motion for Judgment on the Pleadings [37] on the grounds that Plaintiff's claims are time-barred.

    3.  <u>Defendant's Motion is Denied Because it was Filed in Violation of Fed. R. Civ. P. 12(c).</u>

Alternatively, this Court **DENIES** Defendant's Motion for Judgment on the Pleadings [37] as an untimely filing that would delay trial.  Defendant filed this Motion on September 25, 2015, over fifteen months after Plaintiff filed its Complaint [1], on June 11, 2014. Considering the nature of the Motion, that of a Judgment on the Pleadings, indicates that Defendant's delay in filing his motion was excessive under Rule 12(c).  Further, this Motion was scheduled to be heard on October 27, 2015, at least one week after the parties' were to engage in the Meeting of Counsel pursuant to Local Rule 16-2.  This Court **DENIES** Defendant's Motion for Judgment on the Pleadings [37] on these additional grounds.

//

//

//

//

1

**IV. CONCLUSION**

2      For the reasons stated above, this Court **DENIES**

3 Defendant's Motion for Judgment on the Pleadings [37].

4

5 **IT IS SO ORDERED.**

6 DATED: November 25, 2015    s/ RONALD S.W. LEW
                              **HONORABLE  RONALD  S.W.  LEW**
7                             Senior U.S. District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28