1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  KINGDOM OF SWEDEN,              )  CV 14-04492 RSWL (Ex)
                                    )
13              Plaintiff,          )  **ORDER re: DEFENDANT'S**
                                    )  **MOTION TO STAY**
14      v.                          )  **PROCEEDINGS** [35];
                                    )  **DEFENDANT'S REQUEST FOR**
15  MARTIN CHRISTIAN MELIUS,        )  **JUDICIAL NOTICE** [36]
                                    )
16                                  )
            Defendant.              )
17                                  )
                                    )
18                                  )
                                    )
19  _____ )

20      Currently before the Court is Defendant Martin

21  Christian Melius' ("Defendant") Motion to Stay

22  Proceedings [35] and Defendant's Request for Judicial

23  Notice [36], both filed on September 25, 2015.

24  Plaintiff Kingdom of Sweden ("Plaintiff") filed this

25  Action on behalf of The Swedish Board for Study Support

26  ("CSN"), against Defendant for: (1) Breach of Contract;

27  (2) Common Count For Money Lent; and (3) Common Count

28  For Money Had And Received [1].  Plaintiff is seeking

                                   1

1  to collect amounts owed in unpaid student loans made by

2  CSN to Defendant.   For the reasons discussed below,

3  this Court **GRANTS** Defendant's Motion to Stay

4  Proceedings [35] and **DENIES** Defendant's Request for

5  Judicial Notice [36].

6                          **I.   BACKGROUND**

7  **A.   Factual Background**

8        On or about January 1990, Defendant submitted an

9  application for student financial aid to CSN.   Compl.

10 2:17-19 [1]; See Compl., Ex. A.   As part of the

11 application process, Defendant allegedly agreed to

12 "repay all student loans which he received in

13 accordance with, and to otherwise be bound by, the

14 Repayment Regulations for Student Loans" ("Repayment

15 Regulations") set forth by CSN.   Id. at 2:21-24; See

16 Compl., Ex. B.   Pursuant to the terms of the

17 Applications for Student Aid and the Repayment

18 Regulations, CSN agreed to make certain student loans

19 to Defendant, which Defendant then agreed to repay "no

20 later than one year after he no longer received student

21 aid from CSN."   Id. at 3:1-5.   A contractual

22 relationship was thereby formed and existed between CSN

23 and Defendant.   Id.

24      Pursuant to the terms of the contract, CSN made

25 several student loans to Defendant in the aggregate

26 amount of 617,677 Swedish Crowns, the equivalent in

27 U.S. dollars of $95,027.23.   Id. at 3:6-9.   Plaintiff

28 contends that Defendant breached the terms of their

1  contract by repaying only 108,000 Swedish Crowns, the

2  equivalent in U.S. dollars of $16,615.38, leaving

3  1,199,640 Swedish Crowns, or $184,560.00 U.S. dollars,

4  unpaid.  Id. at 3:10-14.

5  **B.   Procedural Background**

6       Plaintiff filed its Complaint on June 11, 2014 [1],

7  seeking $184,560.00 in compensatory damages, interest

8  as provided by law, reasonable attorneys' fees, and for

9  costs of suit herein incurred.  Id. at 4:12-16.

10       On September 25, 2015, Defendant filed its Motion

11  to Stay Proceedings [35], pending the resolution of an

12  appeal to the Ninth Circuit of Kingdom of Sweden v.

13  Erik Aloisy Nowacki, No. 3:14-cv-01259-H-NLS, 2015 WL

14  5165293 (S.D. Cal. Aug. 28, 2015) (hereinafter "the

15  Nowacki Appeal").  The Nowacki Appeal involves an

16  action by the Kingdom of Sweden to collect on

17  purportedly unpaid student loans, some of which were

18  alleged to have been taken out more than fifteen years

19  ago by a California consumer.

20       Also on September 25, 2015, Defendant filed his

21  Request for Judicial Notice [36].  On October 06, 2015,

22  Plaintiff filed its Opposition to Defendant's Motion to

23  Stay Proceedings [38].

24                    **II.   DISCUSSION**

25  **A.   Legal Standards**

26       1.   Local Rule 7-3

27       Local Rule 7-3 provides that before any motion is

28  filed, counsel for the moving party must "first contact

1  opposing counsel to discuss thoroughly, preferably in

2  person, the substance of the contemplated motion and

3  any potential resolution."  L.R. 7-3.  The Rule further

4  provides that "[t]he conference shall take place at

5  least seven (7) days prior to the filing of the

6  motion."  Id.

7       2.   Request for Judicial Notice

8       Grants of judicial notice are a matter of judicial

9  discretion.  See United States v. Nat. Med. Enters.,

10 Inc., 792 F.2d 906, 912 (9th Cir. 1994).  Under Federal

11 Rule of Evidence 201, a trial court must take judicial

12 notice of facts "if requested by a party and supplied

13 with the necessary information."  Fed. R. Evid. 201(d).

14 A court may take judicial notice of "a fact that is not

15 subject to reasonable dispute because it: (1) is

16 generally known within the court's territorial

17 jurisdiction; or (2) can be accurately and readily

18 determined from sources whose accuracy cannot

19 reasonably be questioned."  Fed. R. Evid. 201(b).

20      3.   Motion to Stay Proceedings

21      A district court's power to stay proceedings is

22 "incidental to the power inherent in every court to

23 control the disposition of the causes on its docket

24 with economy of time and effort for itself, for

25 counsel, and for litigants."  Landis v. North American

26 Co., 299 U.S. 248, 254 (1936); see also Lockyer v.

27 Mirant Co., 398 F.3d 1098, 1106 (9th Cir. 2005).  "If

28 numerous parallel cases are filed, the courts have

1  . . . authority to stay useless litigation until the

2  determination of [the] test case." <u>Stark v. Wickard</u>,

3  321 U.S. 288, 310-11 (1944).  A trial court may find it

4  effective to stay an action when pending the resolution

5  of an independent proceeding that bears upon the case.

6  <u>Levya v. Certified Grocers of California, Ltd.</u>, 593

7  F.2d 857, 863-864 (9th Cir. 1979).

8       In determining whether a stay is warranted, the

9  court "must weigh competing interests and maintain an

10 even balance." <u>Landis v. North American Co.</u>, 299 U.S.

11 248, 254-255 (1936).  Among these competing interests,

12 courts consider (1) the potential prejudice or damage

13 that may result to the non-moving party, (2) the

14 hardship or inequity to the moving party if the action

15 is not stayed and is required to go forward, and (3)

16 the judicial resources that would be saved by

17 simplifying the case or avoiding duplicative litigation

18 if the case before the Court is stayed. <u>CMAX, Inc. V.

19 Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).  If there is a

20 "fair possibility" the opposing party may be damaged if

21 a stay is granted, the movant "must make out a clear

22 case of hardship or inequity in being required to go

23 forward." <u>Landis</u>, 299 U.S. at 255.

24 **B.  <u>Analysis</u>**

25      1.  <u>Defendant's Request for Judicial Notice</u>

26      Defendant requests that the Court take judicial

27 notice of the following: (1) The Notice of Appeal to

28 the Ninth Circuit Court of Appeals in <u>Kingdom of Sweden</u>

1  v. Erik Aloisy Nowacki, No. 3:14-cv-01259-h-NLS, 2015

2  WL 5165293 (S.D. Cal. Aug. 28, 2015); (2) the Complaint

3  in the present Action; and (3) the Complaint in the

4  underlying district court case of the Nowacki Appeal.

5       A court "may take judicial notice of the *existence*

6  of another court's opinion or of the filing of

7  pleadings in related proceedings; the Court may not,

8  however, accept as true the facts found or alleged in

9  such documents."  Peel v. BrooksAmerica Mortg. Corp.,

10  788 F.Supp.2d 1149, 1158 (C.D. Cal. June 1, 2011)

11  (emphasis added) (citing Wyatt v. Terhune, 315 F.3d

12  1108, 1114 (9th Cir. 2003); M/V Am. Queen v. San Diego

13  Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.

14  1983)); see also Lee v. City of Los Angeles, 250 F.3d

15  668, 690 (9th Cir. 2001).

16       This Court **DENIES** Defendant's Request for Judicial

17  Notice [36] as to the *substance* of the items requested,

18  although the Court may judicially notice the *existence*

19  of these items.

20       2.   Defendant's Motion to Stay Proceedings

21            a.   *Defendant violated Local Rule 7-3, however*

22                 *the Court will consider the Motion on the*

23                 *merits.*

24       Local Rule 7-3 requires that the parties discuss

25  "*thoroughly* ...the *substance*" of the issues contained

26  in the Motion.  L.R. 7-3. (emphasis added).  A district

27  court may, in its discretion, refuse to consider a

28  motion when Rule 7-3 is violated.  See Reed v.

1  <u>Sandstone Properties, L.P.</u>, No. CV 12-05021 MMM (VBKx),

2  2013 WL 1344912, at *6 (C.D. Cal. April 2, 2013).

3        Defendant filed the present Motion to Stay

4  Proceedings [35] on September 25, 2015.  Plaintiff

5  notes in its Declaration of W. Ernest Mooney ("Mooney

6  Declaration") [38-1] that the only attempt made by

7  Defendant's counsel to confer with Plaintiff's counsel

8  regarding the present Motion, as required by Local Rule

9  7-3, was in an e-mail sent to Plaintiff's counsel and

10 his co-counsel, and in voicemail messages left for

11 Plaintiff's counsel on September 25, 2015, the same

12 date in which the Motion to Stay Proceedings was filed.

13 Mooney Decl. ¶ 3; <u>see</u> Mooney Decl. Ex. B.

14       Upon review of the Mooney Declaration, this Court

15 finds that the parties did not engage in a conference

16 as required by Local Rule 7-3.  Nonetheless,

17 considering the nature of the present Motion, this

18 Court finds that Plaintiff would suffer no real

19 prejudice as a result of the parties' failure to confer

20 pursuant to Rule 7-3.  Accordingly, this Court elects

21 to consider the Motion on its merits.  <u>Reed</u>, 2013 WL

22 1344912, at *6.

23            b.   *A stay of proceedings is equitable.*

24                 i.   *Granting the stay will not*

25                      *prejudice Plaintiff.*

26       "In determining whether to grant a stay, courts

27 generally consider whether doing so would cause undue

28 prejudice or present a clear tactical disadvantage to

7

1  the non-moving party."  ASCII Corp. v. STD

2  Entertainment USA, Inc., 844 F.Supp. 1378, 1380 (N.D.

3  Cal. 1994).  The Ninth Circuit has held that a delay in

4  the recovery of money damages does not constitute a

5  sufficiently strong showing of damage to the non-moving

6  party when determining whether a grant of a stay of

7  proceedings was an abuse of discretion.  See CMAX, 300

8  F.2d at 268-269 (noting that a delay in trial would

9  only delay the recovery of monetary damages, and as

10  such plaintiff "has not made a strong showing in

11  support of its assertion that it will suffer

12  irreparable damages and a miscarriage of justice.")

13  Further, district courts have similarly found that a

14  delay in the recovery of monetary damages is not

15  sufficient to warrant the denial of a stay.  Liberty

16  Surplus Ins. Corp. v. IMR Contractors Corp., No. CV 08-

17  5773, 2009 WL 1010842, at *4 (N.D. Cal. Apr. 14,

18  2009)(holding that "a delay in recovering potential

19  monetary damages was not sufficient harm to warrant a

20  stay.").

21      This Court finds that Plaintiff does not make a

22  strong showing of harm.  Plaintiff argues that the harm

23  that would result from the stay is as follows: (1) the

24  anticipated length of delay of this Action would cause

25  a harmful delay in Plaintiff's receipt of the debt

26  owed, (2) the foreign witnesses that Plaintiff may call

27  at trial might not be available if the trial is

28  delayed, "for health or other reasons," and (3) a

1  granting of this stay may cause Plaintiff to face

2  similar requests for stays in similar actions in the

3  future.  See generally Opp'n.  Plaintiff provides no

4  further explanation as to why a delay in receipt of the

5  monetary damages would harm Plaintiff, or why potential

6  foreign witnesses could be unavailable if the stay is

7  granted, such as further explanation of the

8  aforementioned "health issues".  Further, this Court

9  finds that the potential that other litigants involved

10  in actions with Plaintiff may similarly request a stay

11  does not support a showing of harm to Plaintiff,

12  assuming arguendo that these potential motions for stay

13  are similarly appropriate.

14       This Court finds that granting Defendant's Motion

15  to Stay Proceedings [35] will not sufficiently

16  prejudice Plaintiff to warrant a denial of the stay.

17  Because it is not apparent that Plaintiff will be

18  harmed, this factor weighs in favor of granting the

19  stay.

20               ii. Defendant has shown sufficient

21                   hardship to justify a stay.

22       Where a non-moving party does not make a sufficient

23  evidentiary showing that it would be harmed by a stay,

24  courts have considered the moving party's burden in

25  litigating the case to be a legitimate form of

26  hardship.  See Lamar Co., LLC v. Continental Cas. Co.,

27  No. CV-05-320-AAM, 2007 WL 81876, at *3 (E.D. Wash.

28  Jan. 8, 2007)(finding that it is not necessary for the

1 moving party to "demonstrate a 'clear case of hardship

2 or inequity'" because the court was not persuaded that

3 mere delay of litigation constitutes a "'fair

4 possibility' that the stay would damage" plaintiff).

5        Further, where courts have found that a plaintiff

6 has not made a sufficient showing of harm resulting

7 from the stay, courts have determined that the harm to

8 the moving party from litigating the same issues as

9 those in an ongoing action warrants granting a stay of

10 proceedings.  Cohen v. Carreon, 94 F.Supp.2d 1112, 1118

11 (D. Or. 2000) (granting a stay, where plaintiff had not

12 shown he would be harmed, because defendants plausibly

13 argued that "they would be required to waste time and

14 money needlessly litigating the same substantive and

15 procedural issues" as they did in the related action).

16        In the present Action, as discussed above,

17 Plaintiff has not made a sufficient evidentiary showing

18 that it would be harmed by this Court's granting of

19 Defendant's Motion to Stay Proceedings [35].  Therefore

20 this Court considers Defendant's hardship in litigating

21 the same issues in the present Action as are yet to be

22 determined by the Ninth Circuit in the Nowacki Appeal.

23 As further discussed below, this Court finds that the

24 issues and factual allegations in the present Action

25 and the Nowacki Appeal are almost identical.  As such,

26 requiring Defendant to expend the time and money to

27 litigate these same issues would be harmful, and

28 ultimately, inequitable.  Accordingly, this factor

1 | weighs in favor of granting the stay.

2 |                       iii.      *Granting the stay will benefit the*

3 |                               *Court.*

4 |      "A trial court may, with propriety, find it is

5 | efficient for its own docket and the fairest course for

6 | the parties to enter a stay of an action before it,

7 | pending resolution of independent proceedings which

8 | bear upon the case.  This rule . . . does not require

9 | that the issues in such proceedings are necessarily

10 | controlling of the action before the court."

11 | FormFactor, Inc. V. Micronics Japan Co., Ltd., No. CV-

12 | 06-07159 JSW, 2008 WL 361128, at *3 (N.D. Cal. Feb. 11,

13 | 2008) (quoting Levya v. Certified Grocers of

14 | California, Ltd., 593 F.2d 857, 862-863 (9th Cir.

15 | 1979)).  "It would waste judicial resources and be

16 | burdensome upon the parties if the district court in a

17 | case were mandated to determine the merits of a case at

18 | the same time as [a separate administrative proceeding]

19 | is going through a substantially parallel process."

20 | Sequoia Forestkeeper and Earth Island Institute v. U.S.

21 | Forest Service, No. CV F 07-1690 LJO DLB, 2008 WL

22 | 2131557, at *5 (E.D. Cal. May 21, 2008) (quoting Levya,

23 | 593 F.2d at 864).

24 |      Upon review of the central issues, factual

25 | allegations, and evidence likely to be put forth in the

26 | present Action and the Nowacki Appeal,[1] this Court finds

27 |

28 |          [1]See generally Kingdom of Sweden v. Erik Aloisy Nowacki, No. 3:14-cv-01259-H-NLS, 2015 WL 5165293 (S.D. Cal. Aug. 28, 2015)

1  that it would be a waste of judicial resources to

2  continue litigating the present Action while many of

3  the substantive issues present in both actions are

4  being considered on appeal in the Ninth Circuit.

5  Furthermore, the Nowacki Appeal involves almost

6  identical factual circumstances as the present Action,

7  which indicates that the Ninth Circuit's determination

8  of the Nowacki Appeal will be directly applicable to

9  this matter.  Accordingly, this factor weighs in favor

10  of granting the stay.

11      In consideration of the above competing interests,

12  this Court **GRANTS** Defendant's Motion to Stay

13  Proceedings [35].

### IV. CONCLUSION

15      Based on the foregoing, this Court **DENIES**

16  Defendant's Request for Judicial Notice [36] and **GRANTS**

17  Defendant's Motion to Stay Proceedings [35].  Defendant

18  is advised that he must inform the Court of the status

19  of the Nowacki Appeal every 90 days from the date of

20  this order and within fourteen days of its resolution.

21      **IT IS SO ORDERED.**

22  DATED: November 25, 2015          s/ RONALD S.W. LEW
                                      **HONORABLE RONALD S.W. LEW**
23                                    Senior U.S. District Judge

24

25  ————————————————

26  (where the district court addressed, and the Ninth Circuit is now
    determining the merit of, almost identical issues including: (1)

27  whether Swedish law provides the applicable statute of
    limitations, (2) whether Plaintiff's claims are barred by a

28  statute of limitations, (3) the merit of Plaintiff's common count
    claims, and (4) the applicability of the Revenue Rule).